## GRAND RAPIDS & INDIANA RAILWAY COMPANY ET AL. *v.* RAILROAD COMMISSION OF INDIANA.

[No. 3 Railroad Commission. Filed June 29, 1906. Transfer
denied October 23, 1906.]

1.  APPEAL AND ERROR. — *Railroad Commission.* — *Rates.* — An
    appeal, under the railroad commission act (Acts 1905, p. 83,
    §6) to the Appellate Court can be taken only in cases where a
    party is dissatisfied with "any rate, classification, rule, charge
    or general regulation made, approved, adopted or ordered by
    the commission." p. 658.

2.  SAME.—*Railroad Crossings.*—*Railroad Commission.*—An ap-
    peal lies from an order of the railroad commission respecting
    the crossing of one railroad by another to the proper circuit
    or superior court, and then to the Appellate Court, but not to
    the Appellate Court in the first instance. p. 658.

3.  RAILROADS.—*Interlocking Devices.*—*Railroad Commission.*—
    *Appeal and Error.*—The railroad commission act (Acts 1905,
    p. 83) vests in such commission the authority theretofore vested
    in the Auditor of State in reference to interlocking de-
    vices, and whether an appeal lies from an order concerning such
    must be determined from such act. p. 658.

From Railroad Commission of Indiana; *Union B. Hunt,*
Chairman, *William J. Wood* and *Charles V. McAdams,*
Commissioners.

658    APPELLATE COURT OF INDIANA,

Grand Rapids, etc., R. Co. v. Railroad Com., etc.—38 Ind. App. 657.

Petition by the Chicago & Erie Railroad Company against the Grand Rapids & Indiana Railway Company. From an order for petitioner, defendant and another appeal. (For denial of petition to transfer to Supreme Court, see 167 Ind. 214.)  *Appeal dismissed.*

*G. E. Ross* and *J. H. Campbell,* for appellants.

*C. V. McAdams,* for the commission.

ROBINSON, C. J.—The Chicago & Erie Railroad Company filed its petition with the railroad commission against appellants, to require the construction, maintenance and operation of an interlocking device at a crossing. The commission found in favor of the petitioner. From the order thus made by the commission, appellants have appealed to this court.

Under section six of the railroad commission act (Acts 1905, p. 83, §5405f Burns 1905), an appeal direct to this court is authorized only where the party in interest

1. is dissatisfied with "any rate, classification, rule, charge, or general regulation made, approved, adopted or ordered by the commission." If the party in interest be dissatisfied with any order or regulation of the commission "respecting the location or construction

2. of sidings, switches or connections between railroads, or the crossing of one railroad by another, or the transfer and switching of cars at junction points, or the regulation of private tracks," an appeal may be taken to the circuit or superior court of the particular county, and from the action of that court in the matter an appeal to the Appellate Court is authorized. As to the installation and maintenance of interlocking appliances the act

3. vests in the commission the authority theretofore vested in the Auditor of State. That is, the statute that vested this authority in the auditor must be looked to to determine the duties and authority of the commission in relation to interlocking appliances at crossings.

Whether an appeal will lie to any court from the action of the commission in installing an interlocking appliance, we need not determine. But it is apparent from the whole act that an order of the commission installing such appliance does not come within the duties exercised by the commission as to a "rate, classification, rule, charge, or general regulation," from which alone appeals to this court are authorized.

Appeal dismissed.