Shawnee Gas & Elec. Co. v. State ex rel. Shawnee City Waterworks et al.

SHAWNEE GAS & ELECTRIC CO. v. STATE *ex rel.* SHAWNEE CITY WATERWORKS *et al.*

No. 2369.  Opinion Filed March 12, 1912.

(122 Pac. 222.)

COURTS—Supreme Court—Jurisdiction.  This court is without jurisdiction to review on appeal an order of the Corporation Commission prescribing a schedule of rates to be charged by a gas company for gas it distributes to its patrons.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings by the State, on the relation of the Shawnee City Waterworks and others, against the Shawnee Gas & Electric Company, before the Corporation Commission.  From an order granting a reduction in rates, the Shawnee Gas & Electric Company appeals.  Appeal dismissed.

*Flynn, Chambers & Lowe* and *Edward Howell,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellees.

HAYES, J.  Appellant is a corporation, and is engaged in distributing gas to the inhabitants of the city of Shawnee under a franchise granted to it by that city.  The ordinance by which the franchise is granted to appellant fixes the maximum rate which it shall be permitted to charge for gas furnished to the inhabitants of the city.  Until a short time before the institution of this proceeding before the Corporation Commission, appellant furnished to certain industries located in said city, including appellees, gas at rates considerably lower than the maximum rate fixed by the franchise.  It recently, however, advanced these rates; but not above the authorized maximum rate.  Appellees thereupon filed their application with the Corporation Commission, by which they sought an order reducing the recently advanced rate,

and the commission, upon a hearing of said application, made an order granting a reduction in rates from which this appeal is prosecuted. Heretofore, after briefs filed and submission of the cause upon its merits, this court considered it upon its merits, and rendered an opinion and judgment reversing the order of the Corporation Commission. Thereafter, within the time fixed by the rules of this court, a petition for rehearing was filed by appellees. Upon considering that petition, a question other than upon the merits decisive of the entire case not heretofore suggested by counsel in the case, nor appearing to the court, has suggested itself to the court, which it is the duty of the court to consider of its own motion. The question referred to is that the court is without jurisdiction of this appeal. The Corporation Commission is a creature of the Constitution. Its powers and jurisdiction must be found in provisions of that document or statutes passed in pursuance thereof. Likewise the power of this court to review its orders must be found in the Constitution, or in some statute enacted by the Legislature. There is no provision in the Constitution that grants the right or provides for an appeal to this court generally from all orders of the Corporation Commission. Section 20, art. 9, of the Constitution, authorizes an appeal to this court from certain enumerated classes and character of orders of the commission. That section, in so far as applicable to the question here considered, is as follows:

"From any action of the commission prescribing rates, charges or classifications of traffic, or affecting the train schedule of any transportation company, or requiring additional facilities, conveniences, or public service of any transportation or transmission company, or refusing to approve a suspending bond, or requiring additional security thereon or an increase thereof, as hereinafter provided for, an appeal (subject to such reasonable limitations as to time, regulations as to procedure and provisions as to cost, as may be prescribed by law) may be taken by the corporation whose rates, charges, or classifications of traffic, schedule, facilities, conveniences, or service, are affected, or by any person deeming himself aggrieved by such action, or (if allowed by law) by the state."

It is clear from the foregoing language that only orders affecting certain classes of corporations, to wit, transportation and

transmission companies, are included within the grant of power to the Supreme Court to review. It was not intended by this language to grant the right of appeal or confer jurisdiction upon this court to hear an appeal in all cases arising before the commission. An appeal lies only from orders of the enumerated classes. *Grand Rapids & I. Ry. Co. et al. v. Hunt et al.,* 38 Ind. App. 657, 78 N. E. 358. Unless appellant is a transportation or transmission company, an order affecting its rates does not come within the classes specifically enumerated in the foregoing section from which an appeal lies. The term "transportation and transmission companies" has been defined by the Constitution, in order that no construction thereof may become necessary. By section 34, art. 9, of the Constitution, the term "transportation company" is defined to "include any company, receiver or corporation, trustee, receiver or any other person owning, leasing, or operating for hire a railroad, street railway, canal, steam boat line, and also any freight car company, car association, express company, sleeping car company, car corporation, or company, trustee or person in any way engaged in such business as a common carrier over a route acquired in whole or in part under the right of eminent domain, or under any grant from the government of the United States." The term "transmission company" it is provided shall "include any company, receiver or other person, owning, leasing or operating for hire any telegraph or telephone line." And the term "public service corporation" is defined as including "all transportation and transmission companies, all gas, electric light, heat and power companies, and all persons authorized to exercise the right of eminent domain, or to use or occupy any right of way, street, alley, or public highway, whether along, over, or under the same, in a manner not permitted to the general public."

It is clear that while a gas company is specifically embraced within the term "public service corporation," as defined by the foregoing constitutional provision, it is not included within the term "transportation or transmission companies," and no right of appeal from an order affecting the rates of such company is therefore embraced within the classes enumerated in section 20,

art. 9, of the Constitution, *supra*. The same section of the Constitution authorizes the Legislature to provide by general law for appeals from other actions of the commission than those enumerated in section 20, *supra,* and the Legislature has provided for appeals in proceedings before the commission against parties or corporations as for contempt for violation of its orders. Sess. Laws 1907-08, p. 230 (Comp. Laws 1909, sec. 1239). But there exists no act of the Legislature conferring upon gas companies the right of appeal or upon this court power to hear and determine appeals from any orders of the commission affecting such companies. One of the contentions of appellees is that jurisdiction of the commission in the case at bar is conferred by section 8812, Comp. Laws 1909. That such is not the effect of this statute is forcibly urged by appellant; but whatever may be the effect of this statute, which is not now necessary to decide, it contains no provision that under any possible construction can be construed as granting appeals from any order made thereunder by virtue of the jurisdiction it confers upon the commission. *Harris-Irby Cotton Co. v. State et al., infra,* 121 Pac. 642.

It follows that from these views the opinion and judgment heretofore rendered herein should be set aside, and this appeal dismissed.

All the Justices concur.