[No. 1475, March 23, 1912.]

STATE OF NEW MEXICO, ex rel. LORENZO DELGADO, Appellee v. EUGENIO ROMERO, Treasurer, etc., San Miguel County, Appellant.

### SYLLABUS (BY THE COURT.)

1.  The last clause of Section 1 of Article 10 of the Constitution of New Mexico, which reads as follows: "And no county officer shall receive to his own use any fees or emoluments other than the annual salary provided by law, and all fees earned by any officer shall be by him collected and paid into the treasury of the county," is self executing.

2.  The section applies to officers elected at the first election, and by its provisions they are required to collect and pay into the county treasury, all fees earned by them, and can not retain any of such fees to their own use.

3.  The Constitution should be so construed, as to give effect to the intent of the people in adopting it, but the intent is to be found in the instrument itself.

4.  The presumption is that each department of the government will do its duty, and the fact that it might fail therein should not influence the court.

5.  There is no presumption in law that a public official is to receive a salary.

6.   The compensation of a county officer, under the provisions of Sec. 1 of Article 10, is dependent upon the enactment by the legislature of a salary law, and he cannot recover for his services until such a law is passed, and then only as provided by such act.

7.   The mere fact that legislation might supplement and add to or prescribe a penalty for the violation of a self executing provision of a constitution, does not render such a provision ineffective in the absence of such legislation.

8.   If a constitutional provision, either directly or by implication, imposes a duty upon an officer, no legislation is necessary to require the performance of such duty.

Appeal from the District Court of San Miguel County, before DAVID J. LEAHY,

CHARLES W. G. WARD, for Appellant.

The office of probate clerk and the office of clerk of the district court were abolished by State Constitution.  State Constitution, Art. 6, sec. 22; Sec. 746, Comp. Laws 1897; Chap. 60, sec. 4, laws 1905; Driscoll v. Jones, 44 N. W. 726.

Though it should be held that the office of County Clerk is not a new office created by the Constitution, yet all salaries formerly received by county officers were abolished by sec. 1, Art. 10, of the Constitution.  21 Wend. 584; 7 Am. & Eng. Annotated cases, 629; Veasey v. Herman, 1 Nev. 36.

A. B. McMILLEN, of counsel for Appellants.

State Constitution, sec. 12, art. 5, sec. 11, art. 6; sec. 17, art. 6; sec. 5, art. 11; sec. 9, art. 20; sec. 1, art. 10; Gibbons v. Ogden, 9 Wheaton 188; Cooley's Constitutional Limitations, 6th ed., 87; Bank v. Edmund, 76 Ohio St. 396; U. S. v. Shields, 153 U. S. 91; 29 Cyc. 422-3; Cooley's Constitutional Limitations, 6th ed., 69, 100, 101; State Constitution, art. 6, sec. 24.

FRANK W. CLANCY, Attorney General, as *amicus curiae*.

The only point at issue between the appellees and appellants is as to whether or not sec. 7 of Chap. 22 of the

laws of 1909 is still in force and effect. Art. 5, sec. 13 State Constitution; art. 6, sec. 22; art. 6, sec. 26; art. 10, sec. 1, art. 12, sec. 6; art. 20, sec. 3; art. 6, sec. 24; State v. Ewing, 17 Mo. 517; art. 22, sec. 9 State Constitution; State v. Hitchcock, 1 Kan. 186.

No part of Section 1 of Article X of the Constitution is self-executing. Fursz v. Spaunhorst, 67 Mo. 265; Tuttle v. Bank, 181 Ill. 501; Lewis v. Lackawana County, 200 Pa. 594; State v. Bradford, 12 S. D. 208.; Groves v. Slaughter, 15 Peters, 497.

Compensation of District Attorney. Art. 4, sec. 27, State Constitution; Art. 20, sec. 9.

## STATEMENT OF FACTS

The relator and appellee is the county clerk of San Miguel County, elected at the first election held under the provisions of the constitution, and he instituted this action in the court below, to recover for salary as clerk of the Board of County Commissioners of said county, which was due him if the territorial laws providing salaries and fees for county officials has not been abrogated by the constitution of the state. The lower court entered judgment for the appellee, and the appellant appealed to this court.

## OPINION OF THE COURT.

ROBERTS, C. J.—Section 1 of Article 10 of the Constitution of the State of New Mexico is as follows:

"The legislature shall at its first session, classify the counties and fix salaries for all county officers, which shall also apply to those elected at the first election under this constitution. And no county officer shall receive to his own use any fees or emoluments other than the annual salary provided by law, and all fees earned by any officer shall be by him collected and paid into the treasury of the county."

If the latter sentence of this provision is self-executing, then it is conceded that the county clerk cannot successfully maintain this action; if not self-executing, then he is entitled to recover.

The various provisions of the constitution demonstrates
clearly that it was the intention of the convention to sub-
stitute salaries in lieu of fees ,and that all officials, both
state and county, should be upon a salary basis.   The sal-
aries of governor, secretary of state, state auditor, state
treasurer, attorney general, superintendent of public in-
struction, commissioner of public lands, lieutenant gov-
ernor, judges of the supreme and district courts and
members of the corporations commission were all definite-
ly fixed, and it was provided that the district attorney
should "receive such salary as might be provided by law,"
and Section 9 of Article 20 of the constitution provides:

"No officer of the state who receives a salary shall ac-
cept or receive to his own use and compensation, fees,
allowances or emoluments of office in any form whatever,
except the salary provided by law."

By Section 1 of Article 10 supra, it will be noted that
it was the intention of the framers of the constitution that
a salary system should be provided for all county officers.

It is contended, however, by the attorney general, with
much force, that the section in question is not self-execut-
ing and that it was the intention of the convenion that
the section should not apply to officers elected at the first
election, until such time as the legislature might enact
a "salary law" and that the prohibitions do not become
effective until such a law is enacted.   It is manifest that
the legislature, by inaction, could continue forever in New
Mexico the present fee system, if this contention is cor-
rect.   However, such considerations should not influence
the decision of the controversy, or warp the construction
of the section, if it is plainly the intention of the section
to have such effect.

Judge Cooley, in his work on Constitutional Limita-
tions 6th Ed. p. 98, says:

"The object of the construction as applied to a written
instrument is to give effect to the intent of the people in
adopting it.   In the case of all written laws it is the
intent of the lawgiver that is to be enforced; but
this intent is to be found in the instrument itself.   It
is to be presumed that language has been employed with

Delgado v. Romero, 17 N. M. 81.

sufficient precision to convey it, and unless examination demonstrates that the presumption does not hold good in the particular case nothing will remain but to enforce it."

It must be evident that the constitutional convention intended to abolish the fee system, as applied to the named officers in New Mexico. Such an intention is expressed in every line of the instrument referring to the matter. It remains to consider whether the prohibitions imposed against receiving fees to "their own use," applies prior to the enactment by the legislature of a salary law. It is insisted that it was clearly not the intention of the constitutional convention that county officers should serve wihout compensation, and that the legislature might fail to enact a salary law. But there is no merit in this suggestion, because the presumption must be that each department of the government will do its duty and the fact that it might fail therein should not influence the court. We might remark in passing, that there is no presumption in law that a public official is to receive a salary. As said by the court in Merwin v. Board of Commissioners, 29 Colo. 169, 67 Pac. 285.

"Where one enters into a public office for which no compensation has been fixed by law, he is presumed to give his services; and where such compensation is conditional, as here, his right thereto does not attach until the condition is fulfilled or performed." Citing 13 Cent. L. J. 444. People v. Superior Court, City of New York, 5 Wend. 115; Garfield County v. Leonard, 26 Colo. 145. If the compensation of county officers is dependent upon the enactment by the legislature of a salary law, under the above statement of the law, which is sound, he cannot recover for his services until such a law is passed and then only as provided by such act.

Counsel for appellant admits that the first clause of the section relating to salaries of county officials is not self executing, but contends that the second clause is self executing, and that it requires no legislation to make it effective. It is a prohibitory provision, and the general rule is that negative and prohibitory provisions of a con-

stitution are self executing. No legislation is required to carry into effect the latter clause of this section "No county officer shall receive to his own use any fees or emoluments other than the annual salary provided by law, and all fees earned by any officer shall be by him collected and paid into the treasury of the county." What legislation is required to carry into effect the prohibition against the officer "receiving to his own use, etc." such fees? The law in force now specifies what fees he shall collect, and this section does not prohibit the collection of such fees, but does provide that he shall not receive them to his own use. It also specifies what he shall do with them. All fees earned by him (under the law now in force fixing such fees) shall be by him collected and paid into the county treasury. It requires no legislation whatever to make these provisions effective. If he collects fees and refuses to turn them into the county treasury an action could be maintained against him. The mere fact that legislation might supplement and add to or prescribe a penalty for the violation of a self executing provision, does not render such provision ineffective in the absence of such legislation. Judge Cooley lays down the rule thus:

"A constitutional provision may be said to be self executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced." Cooley's Constitutional Limitations, 7th Ed. p. 121.

Tested by this rule the clause in question is clearly self executing. If a constitutional provision, either directly or by implication, imposes a duty upon an officer, no legislation is necessary to require the performance of such duty.

The constitution of the State of Kansas of 1859 provided in article 12, sec. 2, as follows:

"Dues from corporations shall be secured by individual liability of the stockholders to an additional amount equal to the stock owned by each stockholder; and such other means as shall be provided by law; but such individual

liability shall not apply to railroad corporations, nor corporations for religious or charitable purposes."

Judge Brewer, in the case of Whitman v. National Bank of Okford, 176 U. S. 562 considered this provision and held that it was self executing. He said:

"By Sec. 2 of Article 12 of the constitution of Kansas a certain definite liability is cast upon each stockholder in other than railway, religious and charitable corporations. This liability is for the dues of the corporation and to an amount equal to the stock owned by him. The word "dues" is one of general significance, and includes all contractual obligations. Whether broad enough to include liabilities for torts, either before or after judgment, is not a question before us, and upon it we express no opinion. The words 'shall be secured,' are not merely directory to the legislature to make provision for such liability, but of themselves declare it. To this extent the constitution is self executing."

The section of our constitution in question uses the words, "shall be by him collected and paid into the treasury of the county," and following Judge Brewer's holding, certainly to this extent the constitution is self executing.

A collection of authorities on the self executing provisions of constitutions will be found in a note to the case of New Port News v. Woodward, 7 Am. & E. Annotated Cases, 625. An examination of the cases will, we think, clearly demonstrate that the provisions of our constitution under consideration is self executing.

It is but fair to Judge Leahy, who heard the case in the court below, to say that the question was presented to him for a decision, without argument, and that his decision was with a view of having the matter presented to this court for determination. The judgment of the lower court is reversed, and the cause remanded, with instructions to the lower court to enter judgment for the respondent.