## OKLAHOMA NATURAL GAS COMPANY *v.* STATE OF OKLAHOMA ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 37. Argued March 7, 1922.—Decided March 20, 1922.

A gas company whose franchise obliges it to render efficient service to the public and whose rates and service are subject, under the state law and constitution, to regulation by a public commission, and which has charged its customers the maximum rate allowed, on the basis of the quantities of gas furnished, is not deprived of property without due process of law by an order of the commission reducing bills to compensate for poor service (insufficient gas pressure) and requiring corresponding refunds to consumers. P. 239.

78 Okla. 5, affirmed.

ERROR to a judgment affirming an order of a commission by which the bills of a company engaged in distributing gas supplied by plaintiff in error were reduced and refunds to consumers were required.

*Mr. C. B. Ames* for plaintiff in error.

*Mr. Charles H. Ruth,* with whom *Mr. S. P. Freeling,* Attorney General of the State of Oklahoma, and *Marie S. Ruth* were on the briefs, for defendants in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Error to review a judgment of the Supreme Court of Oklahoma sustaining an order of the Corporation Commission of the State directing, on account of the failure of the Gas Companies to furnish adequate gas service, a refund in certain districts of Oklahoma City of from eight to twenty-five per cent. of the bills rendered by the companies during December, 1917, and January, 1918.

The initial steps in the proceedings against the Gas Companies were petitions filed before the Corporation

Commission of the State, and numbered 3188, 3192 and 3197. They charged that the Oklahoma Gas and Electric Company was a corporation of Oklahoma, and was granted a franchise by Oklahoma City to supply the latter and its inhabitants with natural gas for light, heat and power, and, as such corporation, exercised the right of eminent domain. And they alleged that the Oklahoma Natural Gas Company was also a corporation of Oklahoma for the purpose of transporting gas from Cushing, Oklahoma, to Oklahoma City, and was under contract to deliver gas to the pipe lines of the Gas and Electric Company.

The petitions represented in various ways in what the two companies were deficient and delinquent in the execution of the purpose of their incorporation in the supply of gas at certain times to those entitled to be served, and the prayers of the petitions varied according to the respective standpoints of the petitioners and their conceptions of remedies.

In No. 3188 it was prayed that the companies reveal their relationship and contracts in regard to supplying Oklahoma City with gas, and that the Electric Company show the daily consumption of gas by the city, the volume and pressure in ounces necessary to provide adequate service. There was the further prayer that the companies be required to provide and maintain gas storage facilities.

In No. 3192 it was prayed that the Electric Company be restrained from forcing collection of gas bills before the determination of the issue presented, the charge being that, notwithstanding the insufficiency of the gas supply, the company was threatening to require prompt payment of bills and in default thereof to discontinue service.

In No. 3197 (it was presented by the county attorney and his assistants) the relief asked was that the Commission take charge and management of the corporations,

they being delinquent in their duties. It was also prayed that the companies be declared in contempt of an order of the Commission previously rendered which required such efficiency in the distributing systems as to render adequate service, and dealt with accordingly.

Separate answers were made by the companies in Nos. 3188 and 3197. In No. 3192 the Electric Company alone answered.

Each company averred the exertion of all means within its power to supply the needs and requirements of the City with gas and was specific in the enumeration of its facilities and powers and their exertion, and denied faults and delinquencies.

The Corporation Commission by the constitution and laws of the State is given power and authority, and is charged with the duty, of supervising and regulating transportation companies and other public utilities, and given the same authority to prescribe rates which the State might prescribe or make. And the Supreme Court decided that any of the orders of the Commission prescribing rates and regulating the service of such utilities is as much a law of the State as if enacted by the legislature, and that a public utility in furnishing natural gas is as much subject to the provisions of such orders as if they had been made an integral part of the contract between the consumer and the public utility.

It was in view of the jurisdiction and powers of the Commission that the petitions in this case were presented to it. They were consolidated and testimony taken for and against them and the Commission set forth its conclusion in an opinion of great length—too long, we may say, to make even a summary of it practicable.

We can only say that the Commission found the quality of the gas deficient but otherwise found for the companies. For instance, the Commission found that storage facilities for a reserve supply as prayed were impossible. It found

also against the charge that the companies had been guilty of negligence for failure to extend their lines to other and more abundant sources of supply. Indeed, the Commission, intimating a doubt of its power to do so, refused to exercise the power against the companies, circumstances not demanding it.

The final order of the Commission was that discounts of various amounts from the payments made by consumers in certain districts (they were named) should be allowed. The discount, it was ordered, should be applied to bills for domestic consumption of gas only, and this consumption was considered to mean only gas used for physical comfort or for cooking in residences.

The prayer in No. 3197 that the Commission take charge and operate the property of the Oklahoma Gas and Electric Company was denied; also that fines for contempt be imposed was denied.

There were modifications of the order not necessary to mention. On error to the Supreme Court by the Oklahoma Natural Gas Company the order of the Commission was affirmed.

The Supreme Court in its opinion stated the points in litigation and said it was not controverted that the service was inadequate; the contention of the Gas Company being that " natural gas is a commodity for which the utilities are entitled to payment on a quantum basis, as shown by meter readings, and the adequacy or inadequacy of service does not enter into the payment of bills." The court rejected the contention and affirmed the order of the Commission, expressing its understanding of it to be that it proceeded " upon the theory that, inasmuch as the maximum compensation of the gas company is allowed upon the basis of adequate service, where the service is not kept to this standard the rate charged the public should be graded in proportion to the falling off in effici-

ency." Stating a further contention of the company in resistance to the order of the Commission, the court said it seemed to be that the company was entitled to the maximum rate "regardless of the efficiency of the service." The court rejected the contention, considering that the rule announced by the Commission was "entirely just and reasonable, provided a practical basis for its application" could "be established", and the court said it could "see no insuperable barrier in the way of doing" that. And the court further decided that the Commission had correctly solved the problem by basing the proportion of the maximum rate the company could justly collect from the public upon the quality of the service rendered as well as upon the quantity of gas furnished. And this solution of the problem, the court was of the view, the evidence supported.

The company assails the reasoning and conclusions of the court and Commission and asserts that they penalize the company "for failing to supply gas which nature had not produced." It supplied, is the contention, the maximum amount which it could produce and the Commission found that it was not negligent in failing to supply more. It is the contention, therefore, that the order of the Commission and the action of the Supreme Court in sustaining it, are offensive to the Constitution of the United States.

The contention is based on a wrong estimate of the action of the Commission and that of the court. Neither was based on deficiency in the volume of gas, but upon the failure of the company to transport it under sufficient pressure to render efficient service. It was the view of the Commission and the court that the company owed efficient service and for failing to supply it there should be a deduction in the compensation charged in proportion to the deficiency.

The company assails both conclusions as depriving it of property without due process of law. We cannot assent.

Both the Commission and the Supreme Court decided, construing the charter of the company, that the company was required to render efficient service, and we concur in that view, and that it was competent for the State to compensate the deficiency in the service—deficiency in the supply of gas—by a rebate of the payments to the company. The percentage of reduction and its adequate relation to a deficiency in service were necessarily determined by the Commission from the case as presented to it, and the Supreme Court upon consideration affirmed the determination as a just and supported relation. In the judgments of the Commission and the court we are unable to see error, certainly not an infringement of the Fourteenth Amendment.

We repeat, therefore, the action of the Commission and court were not, as represented by the company, a requirement of the impossible. It was simply and clearly the determination of what the franchise of the company required and the obligation to perform it, and the failure to perform justified a reduction of the fees charged or, if paid, a proportionate repayment.

We are not called upon, therefore, to review or answer the interesting argument of the company based upon the contention that the order of the Commission imposed upon the company the impossible or the unreasonable. It imposed, we repeat, the performance of the service that the Gas Company had agreed to perform.

*Judgment affirmed.*

MR. JUSTICE CLARKE took no part in the consideration and decision of this case.