17 P.(2d) 944

## LA FOLLETTE et al. v. ALBUQUERQUE GAS & ELECTRIC CO.'S RATES.

No. 3802.

Supreme Court of New Mexico.

Dec. 9, 1932.

Robert Hoath La Follette, of Albuquerque, Hugo Seaberg, of Raton, and Kenneth G. Speir, of Albuquerque, for petitioners.

Francis C. Wilson, of Santa Fe, Raymond R. Ryan, of Albuquerque, and George E. Kessler, of Santa Fé, for respondent.

Harry S. Bowman, of Santa Fe, amicus curiæ.

HUDSPETH, J.

Petitions were filed before the State Corporation Commission signed by Robert Hoath La Follette and others praying that the State Corporation Commission investigate reported excessive prices charged by the Albuquerque Gas & Electric Company. The respondent denied the jurisdiction of the State Corporation Commission and refused to comply with an order of the commission to produce their books, papers, and records for inspection. Whereupon the cause was removed to this court.

The State Corporation Commission was created by article 11 of the Constitution. The first sentence of section 7 of said article reads as follows: "Sec. 7. The commission shall have power and be charged with the duty of fixing, determining, supervising, regulating and controlling all charges and rates of railway, express, telegraph, telephone, sleeping-car, and other transportation and transmission companies and common carriers within the state."

The sole question to be determined is whether it was intended to give jurisdiction by the phrase, "and other transportation and transmission companies and common carriers," quoted above, for the purposes of rate regulation to the State Corporation Commission over utilities of the class of respondent, doing a local business of manufacturing, buying, and selling gas and electricity, and distributing those products to consumers.

It is recognized that the intent of the instrument is the object to be attained, and that the intent is to be sought in the instrument itself. State v. Romero, 17 N. M. 81, 124 P. 649, Ann. Cas. 1914C, 1114, 12 C. J. 703. But in view of the wide range of the discussion by counsel of conditions existing at the time the Constitution was drafted and adopted, it may be well to state that the United States census of 1910, the year in which the Constitution was drafted, listed only three towns in New Mexico with a population of over 5,000. Albuquerque's population was 11,020. The next largest had a population of 6,172, and the third had only 5,072 souls. Advocates of municipal ownership of utilities had long been among us. (See Asplund v. City of Santa Fe, 31 N. M. 291, 244 P. 1067.) So it appears that only a small number of the citizens of the commonwealth were interested at that time in

the creation of a utilities commission or other body with power to regulate the rates of local gas and electric companies. The regulation of rates of public utilities is primarily a legislative function. If the people, in adopting the Constitution, did not confer upon the Corporation Commission the power to regulate the rates and charges of local utilities, the power is vested in the Legislature and may be delegated by it. Seward v. Denver & R. G. R. Co., 17 N. M. 557, 131 P. 980, 46 L. R. A. (N. S.) 242; San Juan C. & C. Co. v. Santa Fe, S. J. & N. Ry. Co., 35 N. M. 512, 2 P.(2d) 305; Kemp Lumber Co. v. Atchison, T. & S. F. Ry. Co., 36 N. M. 126, 9 P.(2d) 387.

Respondent argues that in ascertaining the intent from the language used certain rules of construction should be applied, viz.: (a) The rule known as ejusdem generis; (b) that reference should be had to related parts of the Constitution and the intent of one part ascertained from a consideration of all parts involving the same subject-matter; and (c) legislative and executive construction of the constitutional provision as well as long acquiescence in such construction. In support of this contention, among other evidence, it cites the opinion rendered the State Corporation Commission by the first Attorney General of the state, the late Frank W. Clancy, whose opinion has been followed. He stated:

"I regret very much being compelled to say that I do not find that you have been given any jurisdiction as to corporations of this class. The legislature can confer such jurisdiction and probably will do so when attention is called to the matter.

"You will notice that by section 7 of article 11 of the constitution you are charged with the duty of fixing, determining, supervising, regulating and controlling all charges and rates of railway, express, telegraph, telephone, sleeping car and other transportation and transmission companies and common carriers within the state. Electric light and power companies are not mentioned, and the only word which could possibly be considered as referring to such companies is the word 'transmission'. It is true that such electric companies do transmit power in the form of an electric current, but it is quite clear that transmission companies mentioned in the constitution do not include this class of corporations. After enumerating several special kinds of corporations there is added the words 'other transportation and transmission companies'. By a well-established rule of construction such other companies must be of the same kind as those previously mentioned, and a power and light company cannot be considered as of the same class notwithstanding the fact that electricity is the operating power of telegraphs and telephones and of some railways. The telegraph and telephone transmit messages and it is in that sense that the word transmission was used. The language used in sections 9 and 10 of the same article indicates the correctness of this view. In section 9 mention is made of transportation and trans-

mission companies engaged in the transportation of passengers and property; and section 10, referring again to transmission companies, shows that the transmission referred to is the transmission of messages."

■■ It will not be necessary to discuss the rules of constitutional construction generally in view of the conclusion we have reached. A contention for a construction of this clause of the Constitution, which would have resulted in a division of the regulatory power over the particular subject then under consideration between the commission and the Legislature, was recently considered by us. San Juan C. & C. Co. v. Santa Fe, S. J. & N. Ry. Co., supra. The reasoning of Mr. Justice Watson in the opinion of the court in that case is equally applicable here. It will not be seriously contended that the electric company which sells its product at its switchboard, or the gas company which disposes of its product at its reservoir, could be classed as a "transmission company," and yet it is admitted that jurisdiction over these companies is essential in the regulatory body charged with the duty of regulating rates and charges to the ultimate consumer of their products. The middleman or company which bought the electric current at the switchboard of the producing company and sold and distributed it to the people might be regulated and allowed to earn only a modest profit, and still the charge to the consumer be extortionate by reason of the price paid at the switchboard. The people in adopting the Constitution did not intend to vest the commission with jurisdiction over the distributing company and leave jurisdiction in the Legislature over the producing company. San Juan C. & C. Co. v. Santa Fe, S. J. & N. Ry. Co., supra.

Courts will not enlarge the scope of such constitutional provisions beyond their intent even to correct a situation which the courts may believe ought to be remedied.

We are unable to persuade ourselves that the Constitution makers meant to include local gas and electric light companies under the phrase "other transmission companies." If they had desired to confer jurisdiction over such utilities in the Corporation Commission, they would have said so in apt words. Santa Fe G. & C. M. Co. v. Atchison, T. & S. F. Ry. Co., 21 N. M. 496, 155 P. 1093; Shawnee Gas & Electric Co. v. State, 31 Okl. 505, 122 P. 222.

It follows, therefore, that we must decline to enforce the order of the commission, and it is so ordered.

BICKLEY, C. J., and WATSON and SADLER, JJ., concur.

NEAL, J., did not participate.