216 P.2d 694

STATE ex rel. CRAIG et al. v. MABRY, Governor.

No. 5280.

Supreme Court of New Mexico.

April 1, 1950.

---

A. L. Zinn, Dean S. Zinn, M. P. Gutierrez, Joseph M. Montoya, all of Santa Fe, for relators.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for respondent.

LUJAN, Justice.

The question for our determination is whether Los Alamos County is a part of the Twenty-Eighth Representative District. Thus, it becomes necessary for us to refer to the Act creating said county and the constitutional amendment adopted by the people.

Chapter 134, Session Laws of 1949, provides in part as follows:

"An Act to Create From Portions of Sandoval and Santa Fe Counties the Separate County of Los Alamos, to Establish the County Seat of Said County and to At-tach Said County to Existing Senatorial Representative and Judicial Districts.

\*　\*　\*　\*　\*　\*

"Section 3. That said County of Los Alamos shall for legislative and judicial purposes be attached to the First Judicial District, the Twenty-Eighth Representative District, and, unless and until Floor Substitute for House Joint Resolution No. 17, relating to reapportionment of the Legislature should become law, to the Fifth Senatorial District."

Article Four of the Constitution, the apportionment part thereof, provides: "Upon the creation of any new county it shall be annexed to some contiguous district for legislative purposes."

It will be seen that the Act and the Amendment to the Constitution are not repugnant. Indeed, both should stand.

By Chapter 134, supra, Los Alamos County was created and annexed to the Twenty-Eighth Representative District consisting of the counties of Torrance, Santa Fe, and Guadalupe. The legislature adjourned March 12, 1949, and the act was subsequently approved on March 16, 1949.

In their ex-officio character, the legislature at the same session proposed the constitutional amendment now under consideration, the title of which reads: "A Joint Resolution Proposing An Amendment to Section 3 Article 4 of the Constitution of

the State of New Mexico to Provide for the Number, Qualifications and Apportionment of the Members of the Legislature of the State of New Mexico, and Providing for the Submission of same to a Vote of the People." Laws 1949, p. 518.

It is noted that nothing was said about re-districting the State for legislative purposes. The amendment concerns the question of *number, qualifications and the apportionment of the members* of the legislature. It follows the original apportionment bill as adopted in 1911, and is a restatement of it. Catron, Harding, DeBaca and Hidalgo counties created since the original adoption, are placed in existing districts. Lea County, likewise created subsequently to the original adoption, was lifted from the Nineteenth District and placed in the newly created Thirty-First District. In other words, the recently adopted amendment brings forward the original apportionment, except that it created one additional district. As previously stated the legislature had adjourned and we find the act creating the county of Los Alamos in, the hands of the Governor at the time the amendment was proposed. How were the proponents of the amendment to know what the Governor might do? It was in his hands and subject to veto. Were they, perchance, to name a county in the fundamental law which might not exist? It is plain that they could not, with certainty, have made Los Alamos County, a part of District Twenty-Eight. Manifestly, they elected to leave the newly created county annexed to the district as provided in the act.

In adopting this amendment no proposition was ever submitted to the people relative to its removal from the Twenty-Eighth Representative District nor any proposal that it should be annexed to any other contiguous district. Consequently, said county remains in the representative district designated by the act creating it.

It follows from what has been said that the alternative writ should be made permanent. It is so ordered.

COMPTON, J., concurs.

BRICE, C. J., not participating.

FOWLER, District Judge (concurring specially).

The question for decision is whether or not the County of Los Alamos is now a part of the 28th Representative District of New Mexico.

Los Alamos County was created by Chapter 134, L.1949, which as Senate Bill No. 215 was passed by the legislature on March 12, 1949, the last day of the legislative session, and was approved by the Governor on March 16, 1949, and became effective in June, 1949. The act provided that said County should be annexed to the 28th Representative District for legislative purposes.

At the same session and on the same day, March 12, 1949, the legislature passed a resolution for amendment of the state constitution. This was submitted as Amendment 10 at a special election held in September, 1949, and was adopted by vote of the people and became, and now is, a part of the Constitution. This amended Section 3, Article 4, of the Constitution as it previously existed relating to the number, qualification and selection of senators and members of the House of Representatives. Also, it repealed that part of Article 4 which appeared in the Constitution under the heading "Apportionment." Such amendment, omitting the parts of the enumeration of districts, etc., not pertinent to the question before us, reads as follows:

"Section 3. The senate shall consist of one senator from each County of the State, except Counties of the sixth class, and in the event the number of counties is hereafter increased or decreased, the number of senators shall be increased or decreased accordingly at the next ensuing election after such change. Senators shall first be elected under the provisions hereof at the election in the year 1952, to serve in the 21st and 22nd Legislatures.

"The house of representatives shall consist of fifty-five (55) members, and the representative districts and the number of members to be elected from each district shall be as follows:

\* \* \* \* \* \*

"Twenty-Eighth. The Counties of Torrance, Santa Fe and Guadalupe, one member.

\* \* \* \* \* \*

"Upon the creation of any new county, it shall be annexed to some contiguous district for purposes of representation in the house of representatives.

"Senators shall be not less than twenty-five (25) years and representatives not less than twenty-one (21) years of age at the time of their election. No person shall be eligible to the legislature who, at the time of qualifying, holds any office of trust or profit under the state, county or national government, except notaries public and officers of the militia who receive no salary.

"Should this amendment be adopted at a special election held prior to the next regular election, it shall govern and control the number, qualifications, apportionment and election of the membership of the lower house in the 1950 regular election.

"That that portion of Article IV of the Constitution of the state of New Mexico entitled 'Apportionment' be and the same is hereby repealed."

Prior to this amendment, Article IV of the Constitution, under the heading "Apportionment" set forth Representative Districts Nos. 1 to 30, naming the counties therein as they were at the time of the adoption of the Constitution and provided,

"upon the creation of any new county it shall be annexed to some contiguous district for legislative purposes"; and, further, that the legislature might reapportion the legislative districts "upon the basis of population" at the first session after each United States census in and after 1920, "provided, that each county included in each district shall be contiguous to some other county therein."

This remained the basic law from the adoption of the original constitution until the adoption of said amendment. Numerous movements for reapportionment of members of the legislature failed. During the period since the Constitution went into effect there were, of course, no changes in the representative districts, except such as came about through the creation of new counties and the annexing of them to contiguous districts as so required by the Constitution. This occurred in five instances.

By the amendment every district was recognized and described according to its composition by counties as it existed at the time of the passage of the resolution by the legislature, except that the 19th district, which, at the adoption of the original constitution, consisted of Eddy County and upon the later creation of Lea County became comprised of Eddy and Lea Counties, was changed by removing Lea County from it to leave Eddy County again comprising that district; and that the 31st district was created, consisting of Lea County alone. At the passage of the resolution for submission of the proposed amendment, Los Alamos County did not exist and the legislature could not know that it ever would be created. When the legislature adjourned the Act creating that county was still incomplete. It was in the Governor's hands and subject to his veto or approval. Manifestly, the legislators, acting in such instance as members of a constitutional convention, could not include Los Alamos County, a county that then did not exist, as a component part of any district mentioned in the proposed amendment.

But the constitution then made it the obligation, even as it now makes it the obligation, of the legislature upon the creation of any new county to annex it to some contiguous district.

There is no inhibition in the constitution against the creation of a new county at any time the legislature, sees fit to do so, even at a special session. When such county is created, it must be annexed to some representative district. But the constitution, Sec. 1, Art. 19, requires that no less than six months elapse between the adjournment of the regular session of the legislature which proposes a constitutional amendment and the earliest election that can be held for the approval or rejection of such amendment. Suppose, as in this instance, the proposed amendment is to provide the number, quali-

fications and apportionment of the members of the House of Representatives, and that, as here, it enumerates the districts and describes them by naming therein the counties composing each district at the passage of the resolution. Must the sun then stand still? Must the water then cease to flow, and the mills cease to grind until after that election some six to eighteen months away? Has not the legislature the same right to create new counties during that waiting period as it had before? Of course it has. And when it does create a new county to meet the needs of the occasion it must perforce annex it to a contiguous representative district. The amendment in question does not attempt to render fixed or static the districts it describes. It provides for their change at any time by the creation and annexing of new counties to such districts. The expression "any new county" used therein means no more nor less than any other county in addition to the 31 counties then existing and which were named in the resolution passed on March 12, 1949, and hence, named in the amendment. The expression has no reference to when such county was created, whether before or after the adoption of the amendment which itself recognizes the continuing right and duty of the legislature to annex new counties to any or all of the enumerated 31 districts "upon the creation" of such counties.

Acting within its rights and constitutionally, the legislature created Los Alamos County and annexed it to the contiguous 28th Representative District, theretofore composed of the same other counties which with Los Alamos County still compose it. The fact that this occurred between the time of the passing of the amendment by the Legislature and its adoption by the people does not make the amendment strike down the statute nor dissolve Los Alamos County nor the district as so formed. The act creating Los Alamos County is not repugnant to the amendment. The provision of said act annexing that county to the 28th Representative District pursuant to the mandate of the constitution is not repugnant to the amendment. There is no conflict between their provisions. Both the statute and the amendment can stand together. In adopting the amendment, the people were not called upon to, nor did they, vote upon or determine the status of Los Alamos County either as such or as a component part of the 28th Representative District to which it was annexed by the act of its creation.

For the reasons stated I concur.

SADLER and McGHEE, Justices (dissenting).

We disagree with the opinions of the majority. Of course, the people of Los Alamos County are entitled to legislative representation. It is far better, however, that it should be given them by an approved meth-

od than that we should endeavor to supply it by specious reasoning. "The will of the people, *as expressed in their constitution,* is the supreme law of the land." (Emphasis ours.) So we said in our recent unanimous opinion in the case of State ex rel. Sedillo v. Anderson, 53 N.M. 441, 210 P.2d 626, 631. The same court by a majority of three today announces a result in the case at bar which necessarily repudiates this elementary proposition. No reasoning, however refined, can blot out the obvious fact that the result announced accords supremacy to the statute, L.1949, c. 134, giving legislative representation in June, over Constitutional Amendment No. 10, which took it away in September.

Counsel for relator, hard put as they are to find support for their position, do not even go so far as to contend the earlier statute, giving legislative representation, survives the later constitutional amendment taking it away. Undoubtedly the majority would disclaim that they have so held. But there is no escape from the fact that the result declared does just that. The statute gives the representation. The constitutional amendment superseding the statute does not. Hence, the representation given by the statute is taken away by the Constitution. It is as simple as that.

The only ground put forward by counsel for relator to support their position is that the legislature in submitting the amendment inadvertently omitted naming Los Alamos County in setting up the 28th Representative District. They ask us to supply the omission as a matter of intendment and then to presume a favorable vote by the people on the issue. The majority decline this invitation to indulge a judicial guess as to how the people might have voted on a question not submitted to them. Precedent supports them in declining so to do. McAdams v. Henley, 169 Ark. 97, 273 S.W. 355, 41 A.L.R. 629; Lane v. Lukens, 48 Idaho 517, 283 P. 532. However, by superficial and transparent reasoning they have reached a result far more dangerous in its implications that that proposed by relator's counsel.

Unless the questioned provision of a constitution, or of an amendment thereto, is ambiguous its meaning is to be found in the instrument itself. State ex rel. Delgado v. Romero, 17 N.M. 81, 124 P. 649, Ann. Cas.1914C, 1114; La Follette v. Albuquerque Gas & Elec. Co.'s Rates, 37 N.M. 57, 17 P.2d 944. We see nothing ambiguous in the language of this amendment. If through mistake or inadvertence the legislature, in submitting the amendment, omitted to place Los Alamos County in the 28th Representative District, it is no part of the judicial function to supply the omission. Vukovich v. St. Louis, Rocky Mountain & Pacific Co., 40 N.M. 374, 60 P.2d 356; Apodaca v. Viramontes, 53 N.M. 513, 212 P.2d 425.

The difficulty confronting the majority in the endeavor to sustain the result they announce is demonstrated by the fact that they do not fully agree among themselves. However, they necessarily entertain one view in common, namely, that the placement of Los Alamos County in the 28th Representative District by the act creating the county survives the constitutional amendment omitting it as a part of such district. This is indeed strange doctrine in view of what this court said in Asplund v. Alarid, 29 N.M. 129, 219 P. 786, 788, touching the survival of a prior *constitutional* provision inconsistent with a later adopted constitutional amendment. We said: "The courts have had frequent occasion to construe the effect of a constitutional amendment which is inconsistent with some remaining provision of the original Constitution, and have uniformly, so far as our investigation discloses, given effect to the later provision as the latest expression of the sovereign will of the people, and as an implied modification pro tanto of the original provision of the Constitution in conflict therewith."

The majority cite not a single authority in either opinion filed to support them in the conclusions reached. We venture the assertion none can be found. As we view the matter, they are as barren of support in reason and logic as in precedent.

We dissent.