Don **DOUGHTY** and Public Service Company of Oklahoma, an Oklahoma Corporation, Petitioners,

v.

The Honorable Floyd L. **MARTIN**, Judge of the District Court of Canadian County Seventh Judicial District, State of Oklahoma, et al., Respondents.

No. 46382.

Supreme Court of Oklahoma.

April 10, 1973.

Robert L. Lawrence, Doerner, Stuart, Saunders, Daniel & Langenkamp by E. J. Doerner and William C. Anderson, Tulsa, Fogg, Fogg & Howard, El Reno, for petitioner, Public Service Co. of Okl.

Donley & McMillin, Weatherford, for petitioner, Don Doughty.

A. Francis Porta, Porta & Bass, El Reno, Robert E. Shelton, Benefield, Shelton & Johnson, Oklahoma City, for respondents.

BERRY, Justice:

This is an original action wherein Don Doughty and Public Service Company of Oklahoma request this Court to assume original jurisdiction and issue alternative writs of prohibition or mandamus. We assume jurisdiction and grant the writ of prohibition.

The facts are that on May 12, 1972, Ervin Lee Brown, Jr., was working on a "well drilling and seismograph unit" as it stood parked next to his trailer house in

Doughty's trailer park located in the City of Weatherford, Oklahoma. Brown was electrocuted when the unit came into contact with an overhead electric line owned and maintained by Public Service Company.

The City of Weatherford is located in Custer County, Oklahoma. At the time the accident occurred, Brown, his wife and minor son, and Doughty were residents of Custer County, Oklahoma. Public Service Company of Oklahoma is an Oklahoma corporation.

Brown's widow, in her own behalf, and as next friend and natural guardian of her minor son, filed an action in Canadian County seeking damages from Doughty and Public Service Company for the wrongful death of her husband. At the time she filed the action, she and her son were residents of Custer County.

The trial court overruled petitioners' objections to venue in Canadian County and their motion requesting the court to transfer the action to Custer County pursuant to the doctrine of forum non conveniens. Petitioners then filed this action asserting venue does not properly lie in Canadian County and, in the event venue is proper there, that the trial court's action in overruling their motion to transfer the action constituted an abuse of discretion.

Respondents contend 12 O.S. 1971 § 135, establishes venue in Canadian County as to petitioner Public Service Company and venue in Canadian County is therefore proper as to Doughty by virtue of 12 O.S. 1971 §§ 139 and 154. Section 135 provides in part as follows:

"Actions may be commenced against any transportation or transmission company * * * in the county where the cause of action, or some part thereof may have accrued; or, in any county through which or into which the lines of road or any part of the structure of such company may be, or passes; and the plaintiff may elect in which county he will bring the action. * * *"

Respondents contend that § 135 does not define "transmission company", and therefore the term is to be understood in its ordinary sense unless a contrary intention plainly appears. 25 O.S. 1971 § 1; Board of Trustees of Firemen's Relief and Pension Fund v. Templeton, 184 Okl. 281, 86 P.2d 1000. They contend Public Service is a transmission company because it "transmits" electricity, and, venue is proper in Canadian County because it has one "transmission line" there. The trial court apparently adopted this theory.

In paragraph 2 of the syllabus of Board of Trustees of Firemen's Relief and Pension Fund v. Templeton, supra, this Court held:

"In construing a statute, words in common use are to be given their plain, ordinary and commonly understood meaning in the absence of any statutory or well established technical meaning, unless it is clear from the statute that a different meaning was intended, or unless such construction would defeat the manifest intent of the Legislature."

25 O.S. 1971 § 2, provides as follows:

"Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears."

In determining whether a company was a transportation company within § 135, this Court looked to the definition of transportation company contained in Art. IX § 34, Oklahoma Constitution. Temple v. Dugger, 164 Okl. 84, 21 P.2d 482. We see no reason why this Court should not also look to the constitutional definition of transmission company in determining whether a company is a transmission company within § 135.

Art. IX § 34, Oklahoma Constitution, provides in part as follows:

"As used in this Article, the term 'transportation company' shall include

any company, * * * leasing or operating for hire a railroad, street railway, canal, steamboat line, and also any freight car company, car corporation, or company, * * * in any way engaged in such business as a common carrier * * * the term 'transmission company' shall include any company, * * * leasing or operating for hire any telegraph or telephone line; * * *. The term 'public service corporation' shall include all transportation and transmission companies, all gas, electric, heat, light and power companies. * * *"

In Shawnee Gas & Electric Co. v. State ex rel. Shawnee City Waterworks, 31 Okl. 505, 122 P. 222, the question was whether a gas company was either a transmission or transportation company under this constitutional provision. There the Court stated:

"It is clear that while a gas company is specifically embraced within the term 'public service corporation', as defined by the foregoing constitutional provision, it is not included within the term 'transportation or transmission companies.' * * *"

See also Shawnee Gas & Electric Co. v. Corporation Commission, 35 Okl. 454, 130 P. 127; Oklahoma Natural Gas Co. v. State, 78 Okl. 5, 188 P. 338, affirmed, 258 U.S. 234, 42 S.Ct. 287, 66 L.Ed. 590; Guthrie Gas Light, Fuel and Improvement Co. v. Board of Education, 64 Okl. 157, 166 P. 128.

We believe that it is also clear that an electric company is embraced within the term public service corporation, as that term is used in Art. IX § 34, supra, but is not included within the term transmission company as therein defined. This is so because the constitutional definition indicates that the term transmission company includes only telegraph and telephone companies.

In La Follette v. Albuquerque Gas & Electric Co.'s Rates, 37 N.M. 57, 17 P.2d 944, the court considered a constitutional provision which referred to "telegraph, telephone * * * and other * * *

transmission companies." There the court stated:

"It is true that electric companies do transmit power * * * but it is quite clear that transmission companies mentioned in the constitution do not include this class of corporations. * * * The telegraph and telephone transmit messages and it is in that sense that the word transmission was used."

Furthermore, the ad valorem tax statutes define the terms "transportation company", "transmission company", and "public service corporation." 68 O.S. 1971 § 2442. These statutes recognize that an electric company transports and transmits light, heat and power. See 68 O.S. 1971 § 2449. However, in spite of this, the definitions contained in § 2442 indicate that an electric company is a public service corporation, but not a transmission or transportation company. This section defines the term transmission company to include: "any company * * * leasing or operating for hire any telegraph or telephone line or radio broadcasting system."

This clearly indicates that for ad valorem tax purposes a transmission company is one that transmits messages.

The definition of transmission company contained in § 2442, supra, was amended in 1941 to include radio broadcasting companies. Subject to other amendments not relevant to this issue, the definitions of transmission company contained in Art. IX § 34, and in 68 O.S. 1971 § 2442, and the provisions of 12 O.S. 1971 § 135, have been in force and effect since statehood. We recognize that the definitions contained in the constitutional provision and in § 2442, supra, are qualified by the words "As used in this Article." However, we conclude that when the legislature used the term transmission company in § 135, supra, it referred to transmission companies as defined in the statutes and constitution, that is, companies that transmit messages.

Respondents contend that Art. IX § 34, defines public service corporation to include transmission companies and electric companies. They therefore contend that

electric companies are transmission companies under the constitutional provision because "Things equal to the same thing are equal to each other."

We do not agree. The constitutional provision defines public service corporation to include transmission companies. However, it does not define transmission company to include all public service corporations.

We therefore conclude § 135 does not establish venue in Canadian County.

■ Respondents further indicate that venue may have been proper in Canadian County under 12 O.S. 1971 § 134, because some part of the cause of action arose in Canadian County and because Public Service Company is situated in Canadian County.

12 O.S. 1971 § 134, provides in part as follows:

"An action * * * against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose. * * *"

Respondents contend that a part of the cause of action arose in Canadian County because the electricity contained in Public Service Company's line located in Canadian County was causally connected with Brown's death.

In Consolidated Fuel Co. v. Gunn, 89 Okl. 73, 213 P. 750, this Court stated:

" * * * 'to be a part of the cause; however, the act relied [up]on for the venue must be one of the facts which, under the substantive law, constitute the cause of action.' "

In American First Title & Trust Company v. First Federal Savings & Loan Ass'n, Okl., 415 P.2d 930, this Court stated:

" ' "The cause of action manifestly comprised every fact which plaintiff was obliged to prove in order to obtain judgment, or, conversely, every fact which defendants would have the right to traverse." ' "

It is alleged that Doughty constructed the trailer park directly under Public Service Company's electrical line without complying with the trailer park ordinances of the City of Weatherford. In this regard it is contended that he breached a duty, imposed by ordinance, to submit a plan showing the plan for electric lighting, and that if he had fulfilled this duty it would have invited the authorities of the city to inspect the dangerous and hazardous electrical conditions existing at the trailer park.

The petition further alleges that Doughty and Public Service Company were negligent in failing to reroute the electrical lines, to insulate them, or to post notice of the extra-hazardous condition created by their being directly above trailer houses.

It is apparent that the alleged breaches of duty by Doughty and Public Service Company, and the damages alleged to have resulted therefrom, all occurred in Custer County. We therefore conclude that any cause of action against Doughty and Public Service Company as a result of such breaches of duty arose in Custer County.

■ The record indicates Public Service Company owned one transmission line in Canadian County, that its employees entered the county to construct the line, and that its employees at times enter Canadian County to service the line. Petitioner's affidavits indicate that at the time of the accident they had no office in Canadian County, and had no employees or agents employed there on a permanent basis.

The trial court ruled that the company was not situated in Canadian County because it had no offices or employees in Canadian County.

Our previous holdings support the trial judge's ruling on this point.

In paragraph 2 of the syllabus in Public Service Company of Oklahoma v. Hawk-

ins, 194 Okl. 272, 149 P.2d 783, this Court stated:

"Within the meaning of such section such corporation may be sued in any county wherein it regularly maintains an office or place of business, with servants, employees or agents engaged in conducting and carrying on the business for which it exists, although it has its principal office or place of business in another county."

Therefore, we conclude that venue did not properly lie in Canadian County.

A writ of prohibition will be granted to prohibit a court from acting in a matter when venue is not proper. Missouri-Kansas-Texas Railroad Co. v. Coryell, Okl., 483 P.2d 1148; Mills v. District Court of Lincoln County, 187 Okl. 247, 107 P.2d 589.

Since venue was not proper in Canadian County, we need not consider the contention that the trial court abused its discretion by overruling petitioner's motion to transfer the cause pursuant to the doctrine of forum non conveniens.

The writ of prohibition is granted.

All Justices concur.