TALLEY v. HARRIS, Ex'r.

No. 32109.   July 1, 1947.

*182 P. 2d 765.*

48

Cornelius Hardy, of Tishomingo, for plaintiff in error.

Pryor & Wallace, of Wewoka, for defendant in error.

PER CURIAM. This is an appeal by Lula Talley, widow of T. F. Talley, deceased, from a judgment of the district court of Murray county affirming on appeal an order of the county court denying her application for a widow's allowance and application to distribute to her the entire estate of the deceased as his sole and only heir. We will hereafter refer to the widow Lula Talley as appellant.

The parties were married in February, 1938. Prior to their marriage, and on the 11th day of January, 1938, the parties entered into and executed in writing an antenuptial agreement. This agreement, after reciting that marriage was contemplated, provided that in view and consideration of such proposed marriage the parties mutually agree and covenant that all property belonging to either of them at the commencement of the marriage or coming to or acquired by them subsequent thereto should remain their separate property and either of the parties could dispose of such separate property to the same extent as though they were unmarried. The contract then provides:

"It is further understood and agreed that, whereas, T. F. Talley is a man past seventy (70) years of age and Lula Whittaker is a lady who has been previously married and past fifty (50) years of age, and both owning property of their own, in their own right and each having blood relation who at their death will become their heirs, it is the intention of this agreement that upon the death of either party, the survivor shall have no interest whatever in the property of decedent and all rights given the survivor under the law, is hereby waived, and said property shall descend to the heirs of the decedent the same as if the marriage between the parties hereto had never taken place."

After the execution of this agreement, and on June 6, 1938, deceased executed a will whereby he devised and bequeathed his entire estate to his nieces and nephews, ten, in number. The will contains the following provision:

"It is my will that my present wife take nothing, and have nothing whatever to do with my property, which I own at the time of my death, for the reason that there exists between us an antenuptial or prenuptial marriage settlement by the terms of which it was agreed that each should keep their property of which either might die seized and possessed, without the right of the other to inherit; I having heretofore given to my wife, property sufficient to be in lieu of any inheritable right she might have under the law. Said contract being reduced to writing, signed, executed and delivered, just prior to our marriage; the terms and conditions of which I hereby invoke in this my last will and testament, and ask that the same be enforced."

On October 14, 1938, T. F. Talley died and his will was presented for probate by E. M. Harris who was designated as executor under the terms of the will. On October 26, 1938, appellant filed in the county court her election renouncing the will and electing to take as an heir under the law of succession and filed a contest against probate of the will. The county court upon hearing of the contest and application to probate admitted the same to probate and its order and judgment was affirmed by the district court on appeal. Appellant at the same time also filed and presented an application for widow's allowance, which application was denied by the county court. It was apparently denied on the theory that appellant had waived any right to such allowance by having executed the antenuptial agreement. The judgment denying the allowance was

appealed by appellant to the district court where upon trial and hearing de novo that court affirmed the judgment of the county court. No appeal has been taken from this judgment. On the 30th day of June, 1944, appellant presented an application to the county court requiring the executor to file final account for determination of heirship and for distribution of the entire estate to her as the sole and only heir of deceased. In her application and petition for distribution she alleged that she had renounced the will and elected to take under the law as a forced heir; that she was the sole and only heir of deceased and prayed that the entire estate be distributed to her. Appellant at the same time also filed and presented to the county court a new application for widow's allowance. The executor responded to both applications. In the response to the application for determination of heirship and for distribution of the estate, he filed his final account, pleaded the antenuptial agreement in bar of appellant's claim as an heir of deceased, and prayed that the estate be distributed to the devisees and legatees mentioned in the will.

In response to the application for widow's allowance he pleaded the former judgment of the county court denying such allowance and the judgment of the district court affirming such judgment on appeal as an estoppel. He alleges that such judgment of the district court was not appealed from and that the same became a final judgment and is now conclusive and binding upon appellant and that she is estopped by such judgment from again presenting the question in this proceeding. The county court after due hearing denied both applications and entered judgment distributing the estate to the devisees and legatees as mentioned in the will. Appellant appealed from such judgments of the county court to the district court where upon hearing de novo the judgments of the county court were affirmed. The appellant has appealed from these judgments to this court.

It is the contention of the executor that the antenuptial agreement entered into between the parties is a valid and binding agreement and precludes appellant from taking as an heir of deceased. It is the contention of appellant that such agreement is invalid to the extent that it purports to preclude her from taking as an heir of deceased such portion of the estate less in value than she would be entitled to take under the law of succession. In support of this contention she relies on 84 O.S. 1941 §44. This section provides:

"Every estate in property may be disposed of by will; provided, however, that a will shall be subservient to any antenuptial marriage contract in writing; but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, however, that of the property not acquired by joint industry during coverture the testator be not required to devise or bequeath more than one-half thereof in value to the surviving spouse; provided further, that no person shall by will dispose of property which could not be by the testator alienated, encumbered or conveyed while living, except that the homestead may be devised by one spouse to the other."

It is argued by appellant that the word "but" appearing in the above section immediately following the clause referring to antenuptial agreements, qualifies and restricts that clause and although antenuptial contracts referred to therein are recognized as valid, one spouse cannot by reason of the following restrictive clause bequeath or devise away from the other so much of his or her estate that the other spouse would receive less in value than would be obtained through succession by law. Appellant asserts that a limited or restrictive clause contained in the statute is generally construed to refer to and limit and restrict the immediately preceding clause or last antecedent, and if so construed the clause following the clause referring to antenuptial agreements beginning with the word "but" restricts and limits that clause and renders the

antenuptial agreement void to the extent above stated. Numerous authorities are cited by appellant in support of this contention. The rule of construction contended for is well known and established. Board of Trustees of Firemen's Relief & Pension Fund of City of Muskogee v. Templeton, 184 Okla. 281, 86 P. 2d 1000; Baum v. City of Oklahoma City, 190, Okla. 618, 126 P. 2d 249.

This rule of construction should not, however, be applied when it appears from an examination of the entire statute involved that to do so would defeat the evident intent of the Legislature. We have acknowledged this exception to the general rule in the cases last above cited.

An examination of the entire section here relied upon convinces us that the Legislature did not intend by this restrictive clause to restrict or limit the clause relative to the effect which should be given to an antenuptial agreement, but only intended to restrict and limit the clause "authorizing every estate in property to be disposed of by will." An examination of the section discloses that the several clauses thereof are somewhat illogically arranged and as arranged render the section somewhat ambiguous and if construed strictly as arranged would lend some support to appellant's contention. This court, however, may and should in construing a statute rearrange and transpose the various phrases and clauses thereof, if necessary so to do, in order to arrive at the intent of the Legislature. In vol. 25, R.C.L. p. '965, it is said:

" . . . and while the collocation of the words and phrases in a statute is sometimes an aid in the construction of a statute, and should not be arbitrarily disregarded, it should not control where the intention of the Legislature requires it to be disregarded. **A transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands.** Relative and qualifying words and phrases should ordinarily be referred to the word or clause with which they are grammatically connected, but this rule is not controlling and has often been disregarded." (Emphasis ours.)

We think the various clauses of the statute in order to arrive at the evident intention of the Legislature should be transposed to read as follows:

"Every estate in property may be disposed of by will; but no spouse shall bequeath or devise away from the other so much of the estate of the testator that the other spouse would receive less in value than would be obtained through succession by law; provided, however, that the will shall be subservient to any antenuptial contract in writing."

In construing this section of the statute, it should be read as though the various clauses above referred to were arranged as above indicated, and when so arranged and read there can be no question that the word "but" would in no way limit or restrict the clause referring to antenuptial agreements but would only restrict the clause relative to the right to dispose of property by will as provided in the first clause of the section.

A construction such as contended for by appellant would lead to an absurdity. Such construction would, in effect, nullify the clause of the statute which in substance provides that wills shall be subservient to antenuptial contracts in writing. Such construction should be avoided if it can be done without doing violence to the evident intent of the Legislature as expressed in the statute.

In the case of Rollins v. Heuman, 171 Okla. 435, 43 P. 2d 147, we said:

"Every statute should have a reasonable, sensible construction in preference to one which renders it, or a substantial part of it, useless or deleterious."

A construction such as above indicated accomplishes this purpose and imparts to the statute such meaning as the Legislature evidently intended it should have.

We have heretofore recognized the validity of antenuptial agreements. In

re Cole's Estate, 85 Okla. 69, 205 P. 172; Leonard v. Prentice, 171 Okla. 522, 43 P. 2d 766; In re Rossiter's Estate, 191 Okla. 342, 129 P. 2d 856.

Appellant contends that these authorities have no application to the statute as it now exists; that the court in these cases did not have under consideration and did not consider the section of the statute here involved; that the section as it is now worded did not then exist; that it was first adopted in 1925. It was adopted as an amendment to the 1909 Act. There is, however, no material distinction in this respect between the act as existed prior and since its amendment. The only changes made by the 1925 amendment consisted in substituting the words antenuptial agreement instead of marriage contract and by inserting the word "but" in the act as above stated, and by adding the concluding clause to the present section of the act relative to the right of spouses to dispose of the homestead by will. We do not regard these slight amendments of sufficient importance to require us to depart from or in any manner modify our prior decisions. Moreover, the two last above decisions referred to were rendered subsequent to the 1925 amendment. Section 1539, Stats. 1931, was then before the court for consideration, which section is identical with section 44 of the 1941 Laws, supra, now under consideration.

We conclude that the trial court ruled correctly in holding that appellant by reason of having executed an antenuptial agreement is precluded from now taking as an heir of deceased and in denying her application to distribute to her the entire estate as the sole heir of deceased.

Appellant further contends that the trial court erred in overruling and disallowing her application for a widow's allowance. The case of In re Rossiter's Estate, supra, is relied upon. We there held that although there existed an antenuptial agreement whereby the surviving widow purported to waive her right to such allowance, she was nevertheless entitled to such allowance during the course of administration; that the antenuptial agreement insofar as it purported to preclude the widow from obtaining an allowance during the pendency of the administration was contrary to public policy and void.

The executor, however, in response to the application invokes the doctrine of estoppel by judgment. It is contended that the former judgment of the county court denying such application and the judgment of the district court affirming such judgment on appeal, not having been appealed from, became binding and conclusive upon all parties and that appellant is estopped by such judgments from again presenting the matter in this proceeding. With this contention we agree.

A judgment of the county court in a probate proceeding is entitled to the same dignity and must be given the same force and effect as judgments of the district court. 58 O.S. 1941 §2; Lee v. Terrell, 170 Okla. 310, 40 P.2d 10. Such order is an appealable order. 58 O.S. 1941 §721, subd. 4.

If the rule applicable to judgments generally applies to a judgment of this character, and we see no reason why it should not apply, then every element necessary to constitute estoppel by judgment has been shown in this case and such plea is well taken.

It is generally held that an order or judgment in favor of the widow granting her an allowance, not appealed from, constitutes a final judgment and binding and conclusive against the administrator or executor and the heirs of deceased and such question cannot be again raised by either of such parties in a proceeding for distribution of the estate. 34 C.J.S. p. 77, and cases cited in notes. In the case of In re Buchanan's Estate, 130 Okla. 148, 265 P. 1056, we held that an order and judgment of the county court setting aside the homestead to the surviving spouse, not appealed from, was a final judgment and could not be questioned by the administrator in a proceeding for distribution

of the estate. See, also, Salter v. Continental Casualty Co., 194 Okla. 26, 146 P.2d 824. It occurs to us it necessarily follows that if a judgment granting the allowance is conclusive upon the heirs and representatives of deceased, a judgment denying such allowance for the reason that the antenuptial agreement barred her from receiving widow's allowance is likewise conclusive upon the surviving widow.

Appellant contends that the rule does not apply in the instant case for the reason the former judgment of the county and district court on appeal denying such allowance is void on the face of the judgment roll. This contention cannot be sustained. While the judgment rendered was erroneous (In re Rossiter's Estate, supra) it is not void. The court had jurisdiction over the parties and the subject matter of the action. It had jurisdiction to pass upon the question there presented. It had power and authority to render the particular judgment in question. The judgment is not void on its face. The court ruled correctly in sustaining the executor's plea of estoppel by judgment and denying appellant's claim for widow's allowance.

Appellant also asserts that the trial court erred in excluding certain evidence offered by her. At the hearing on the petition to distribute the estate she offered to prove that she did not have time to consult a lawyer, nor was she permitted to read the antenuptial agreement before executing the same. She has, however, in no manner challenged the agreement as having been obtained through fraud or undue influence. In the absence of such challenge the trial court ruled correctly in excluding the offered evidence.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, and CORN, JJ., concur. GIBSON, J., concurs in conclusion. WELCH and ARNOLD, JJ., dissent.