Willie James **BURRIS**, Appellant,

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 69481.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 19, 1989.

Kent Eldridge, Oklahoma City, for appellant.

Blair Easley, Jr., Oklahoma City, for appellee.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Appellant contends the trial court erred in failing to reinstate his driver's license

following its revocation by Appellee. The driver's license was revoked following Appellant's refusal of a blood test after he had passed a breath test.

Appellant contends that if a second test was permissible, he should have been re-advised of his rights under the implied consent statute, 47 O.S.Supp.1982 § 751. He further contends it was error not to restore his license since the State did not prove he was under the influence of intoxicants.

The implied consent to testing of the breath, blood, urine, or saliva for the presence of intoxicants as a condition on the right to operate a motor vehicle upon the public streets is given by motorists pursuant to 47 O.S.Supp.1982 § 751, which states, in pertinent part:

A. Any person who operates a motor vehicle upon the public roads, ... within this state shall be deemed to have given consent to *a test or tests* of such person's blood or breath, for the purpose of determining the alcohol concentration.... and such person's blood, saliva or urine for determining the presence and concentration of any other intoxicating substance ... if arrested for any offense arising out of acts alleged to have been committed while the person was operating or in actual physical control of a motor vehicle upon the public roads ... while under the influence of alcohol or other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance....

B. The law enforcement agency by which the arresting officer is employed may designate, ... whether blood or breath is to be tested for the alcohol concentration, *and* whether blood, saliva or urine is to be tested for the presence and concentration of any other intoxicating substance therein.... (Emphasis added.)

Similarly, 47 O.S.Supp.1985 § 753 states that licensing privileges shall be revoked when it is shown a driver or person in actual physical control of a vehicle "... refused to submit to *the test or tests*...." The same phrase, "... refused to submit to *the test or tests* ...," is used twice in 47

O.S.Supp.1986 § 754, which lists the issues which must be covered at a hearing after revocation of a license.

▆▆▆ Statutes should be read so as to render every word and sentence operative rather than in a manner which would make a statutory provision nugatory. *State ex rel. Thompson v. Ekberg,* 613 P.2d 466, 467 (Okl.1980). It will not be presumed that the Legislature has done a vain and useless act in the way a statute is worded. *In re Supreme Court Adjudication, etc.,* 597 P.2d 1208, 1210 (Okl.1979).

▆▆▆ The statutes concerning implied consent to testing for intoxicants are part of a statutory framework, and their purpose must be kept in mind when interpreting the provisions of the statutes. The Oklahoma Supreme Court, commenting upon the license revocation procedures outlined in 47 O.S.Supp.1982 § 754, stated, in *Price v. Reed,* 725 P.2d 1254, 1260 (Okl.1986):

> The state's interest here is to foster safety by temporarily removing from public throughfares those licensees who have exhibit dangerous or erratic behavior.

▆▆▆ When read together, the statutes clearly contemplate that more than one test may be required. To construe the word "tests" to apply only to one State requested test and one driver requested test, as Appellant urges, would render portions of the statutory scheme nugatory and result in an absurdity. The State has a strong interest in preserving the safety of those travelling on public roadways. This interest is properly advanced by testing for the presence of intoxicants in drivers or operators arrested following a determination by a police officer that the person's behavior may constitute a hazard.

▆▆▆ Appellant next contends that he should have been re-advised of the provisions of the implied consent law or asked if he remembered the earlier warnings before being asked to submit to the blood test. He draws an analogy to the *Miranda* warnings which must be repeated when a long break in custodial questioning has occurred. The analogy is intriguing, but not analytically correct.

▆▆▆ *Miranda* warnings are given because of the serious nature of criminal charges and because constitutional rights are implicated. It is true the right to a driver's license is a protectable property interest which may not be terminated without due process, but such due process rights are built into the regulatory procedures for the revocation of driver's licenses. *Price v. Reed,* 725 P.2d at 1260. The Oklahoma Supreme Court rejected the analogy of the revocation process to a criminal proceeding, in *Price v. Reed,* 725 P.2d at 1259, and stated:

> Revocation of a driver's license is a part of a *civil/regulatory scheme* that serves a governmental purpose vastly different from criminal punishment. (Emphasis in original.)

In addition, the taking of blood sample is physical evidence, not testamentary evidence and Fifth Amendment rights are not implicated. *Marr v. State,* 741 P.2d 884 (Okl.Cr.1987). Where, as here, the Appellant's rights are protected by due process safeguards within the regulations, and the second test was requested within two hours of the arrest, no second warning was necessary.

▆▆▆ The Appellant's contention that the State must prove he was under the influence of intoxicants is in error. The license revocation hearings are required by 47 O.S.Supp.1986 § 754(5) to focus upon whether the person was placed under arrest, whether the arresting officer had reasonable grounds to believe the person was under the influence of intoxicants while operating or in actual physical control of a vehicle on a public roadway, and whether the person refused to submit to a test or tests. *Smith v. State ex rel. Dept. of Public Safety,* 680 P.2d 365, 368 (Okl.1984).

The record shows that Appellant was arrested and advised of the implied consent provisions. The testimony was that the Appellant's eyes were bloodshot, his speech was slurred, and his movements were sluggish. When asked to submit to the blood test, he refused.

It is not necessary for the State to prove that the Appellant *in fact* was under the influence of intoxicants, only that the officer had reasonable grounds to believe so. *Appeal of Dungan*, 681 P.2d 750, 754 (Okl.1984). The burden of proof in a license revocation hearing is the preponderance of the evidence. *Peters v. Oklahoma Dept. of Public Safety*, 557 P.2d 908, 909 (Okl.1976). The State met its burden of showing that it was more probably true than not that the officer had reasonable grounds to believe that the Appellant had been driving under the influence of intoxicants. *Appeal of Dungan*, 681 P.2d at 754.

AFFIRMED.

HANSEN, P.J., and BAILEY, C.J., concur.