In the Matter of the ESTATE TAX PROTEST OF Jean LEAKE ESTATE.

Jean LEAKE ESTATE, Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 83194.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 8, 1994.

Rehearing Denied Nov. 29, 1994.

Certiorari Denied Feb. 9, 1995.

John B. Turner and Rebecca M. Fowler, Tulsa, for appellant.

David Hudson and David Allen Miley, Oklahoma City, for appellee.

## OPINION

HANSEN, Presiding Judge:

Appellant, the Estate of Jean Leake (the Estate), seeks review of an order of the

Appellee, the Oklahoma Tax Commission (the Commission), which denied the Estate's tax protest. By Order No. 94-02-01-004, dated February 1, 1994, the Commission adopted the Findings, Conclusions and Recommendation of the Administrative Law Judge (ALJ). The Commission adopted the ALJ's report as amended by the Commission. The amendments in the order are not in issue on appeal. As a preliminary matter, Appellant's motion to present oral argument to this Court is denied.

This action involves a dispute concerning the calculation of interest which accrued on delinquent estate taxes owed by the Estate. The facts are undisputed. Jean Leake died on August 26, 1988. By statute, the estate tax return was due on May 26, 1989. On that date, the Estate mailed to the Commission a request for extension of time to file a return and made a partial payment of the taxes due of $2,250,000.00. The Estate requested the extension because insurance proceeds of the Estate were tied up in litigation. The Estate was granted to October 11, 1989 to file. On July 6, 1989, the District Court of Tulsa County entered an order for interest relief on the insurance proceeds under 68 O.S.Supp.1988, § 806(b). The Estate filed its estate tax return on November 16, 1989 and tendered a tax payment on that date in the amount of $3,952,136.00. The Estate then filed an amended return on July 5, 1990, claiming a refund of interest for $85,675.00. The Estate argued interest accruing on the unpaid tax from July 1, 1989 through June 30, 1990 should be limited to $1,500.00 under an amendment to 68 O.S.Supp.1989, § 806 in the 1989 Legislature.

On August 21, 1991, the Commission issued its order assessing additional estate taxes of $47,587.00 and interest of $154,241.00 for a total of $201,828.00. The Estate timely protested. The protest challenged the Commission's calculation of interest in two respects: the first, regarding when payment of the taxes were deemed made, and second, whether 68 O.S.Supp.1990, § 806(a) limits the Estate's interest during July 1, 1989 to June 30, 1989 to $1,500.00. The first basis of the protest is not before us on appeal. With regard to the $1,500.00 limit provided in § 806, the ALJ determined the limitation was "the result of improper drafting" of the statute and did not limit the interest which accrued on the delinquent estate taxes.

68 O.S.Supp.1989, § 608, as amended by § 17, Ch. 249, O.S.L.1989, effective July 1, 1989, (House Bill 1327), provides:

(a) The tax levied by this article shall accrue at the time of the transfer by the death of decedent or otherwise and shall be due and payable nine (9) months after the date of the death of the decedent. All taxes shall bear interest at the rate of one and one-quarter percent (1 ¼%) per month from the date when the same are delinquent; *providing, such penalty shall not be assessed for an amount in excess of One Thousand Five Hundred Dollars ($1,500.00).* No interest or penalty shall be collected on any tax levied by this article except as provided in this section.

(b) The Tax Commission is authorized to accept payment of any tax hereunder in partial payments and shall provide by rules and regulations for the manner, method and time of making such partial payments. If, because of pending litigation, contingent claims, or disagreement between interested parties as to the value of the estate subject to tax, a determination of the full amount of taxes cannot be had and upon a finding of the district court that such a situation reasonably exists, the tax on that portion of the estate, the taxable value of which cannot be reasonably determined, shall bear interest at the rate of *one-half (½) of the rate of interest specified in subsection (a) of this section* per month in lieu of the rate provided in this section for other cases. *The district court shall conduct a hearing and shall make findings of fact. The district court shall notify the Oklahoma Tax Commission at least thirty (30) days prior to the hearing for purposes of making the finding required by this subsection. The district court shall make specific findings of fact in support of any conclusion that some*

*portion of the taxable value of the estate cannot be reasonably determined as a result of pending litigation, contingent claims or disagreement between interested parties as to the value of the estate subject to tax. For purposes of this subsection, neither the Oklahoma Tax Commission nor the Internal Revenue Service shall be considered interested parties.*

(c) Upon payment of taxes, interest and penalties the Tax Commission shall issue its official receipt therefor. The Commission may, if requested, issue acquittances, releases and waivers for the transfer of stock or shares which shall be admitted to record and registration without further attestation; and such receipt or certificate shall be furnished by the Tax Commission without cost to the estate or beneficiaries. The Tax Commission may issue a duplicate certificate, showing that the tax upon any particular parcel or tract of real estate has been paid, to any person entitled to such certificate under the provisions of this article, charging therefor a fee of fifty cents ($0.50).

The above-underlined language in § 806 reflects amendments made to § 806 in House Bill 1327 (H.B. 1327). H.B. 1327 was a comprehensive, fifty-five section taxation bill passed by the 1989 Legislature and signed into law by the Governor. In 1990, via Senate Bill 710 (§ 5, Ch. 339, O.S.L.1990, effective 5/31/90), the Legislature deleted the language added to subsection (a) in 1989.

Before the ALJ and now on appeal to this Court, the Commission argues the $1,500.00 limitation on the penalty found in § 806(a), was a legislative "mistake" which was inserted into the section wholly by mistake. At trial, the Commission attempted to introduce testimony of a Commission staff attorney responsible for drafting the Commission's proposed legislation. The ALJ ruled the testimony sought to be elicited by the attorney was not relevant. The offer of proof indicates the attorney would have testified to the

legislative process behind the enactment of the 1989 amendment to § 806 and that the language added to subsection (a) was a mistake.

The Estate contends the $1,500.00 limitation provided in § 806(a) limits the *interest* on delinquent estate taxes. Under the doctrine of the last antecedent, the Estate urges, the proviso which limits the *penalty* to $1,500.00, refers to the *interest* on the delinquent taxes. The Commission argues the language was inserted as a mistake and should be given no force whatsoever. The Commission further argues the term "penalty" and the term "interest" as used in the section, are two separate things.

■ The determination of legislative intent controls the judiciary's interpretation of statutes. *Matter of Estate of Flowers*, 848 P.2d 1146 (Okla.1993). However, if the Legislature's will is clearly expressed in a statute, it is unnecessary to apply rules of construction to determine the Legislature's intent. *Id.* This Court must presume the Legislature expressed its intent in a statute and intended what it expressed. *J.D. Graham Construction Inc. v. Pryor Public Schools*, 854 P.2d 917, 920 (Okla.App.1993). The Legislature will not be presumed to have enacted vain and useless statutory provisions. *Burris v. State ex rel. Department of Public Safety*, 785 P.2d 332, 334 (Okla.App. 1989). Where possible, all relevant portions of a statute will be considered together to give effect to all of them. *J.D. Graham Construction Inc.*, at 920.

■ The ALJ declined to give effect to the $1,500 limitation in § 806(a), concluding the language was a result of "improper drafting". As previously noted, the ALJ refused testimony on this precise issue on which this conclusion is based. Even if the staff attorney had been allowed to testify, such evidence would not be utilized by this Court in interpreting § 806.[1] The *only evidence* in the record which might arguably support the

---

1. See *Continental Oil Company v. Oklahoma Tax Commission*, 494 P.2d 650 (Okla.1972), where

attorneys for the Tax Commission testified they had inadvertently failed to remove a certain pro-

"improper drafting" conclusion is testimony from the administrator of the Estate Tax Division of the Commission that they treated the 1989 amendment as "error" and ignored the provision. Although Commission correctly sets forth the rule that in general, the interpretation or construction of an ambiguous or uncertain statute by the agency charged with its administration is entitled to the highest respect from the courts, this rule is generally applied where the administrative construction is "definitely settled and uniformly applied for a number of years." *Oral Roberts University v. Oklahoma Tax Commission,* 714 P.2d 1013, 1015 (Okla.1985). This action does not involve a definitely settled and uniformly applied-for-years statutory construction.

The Commission also argues the $1,500.00 limitation on penalties in § 806 should not be construed to apply to interest, maintaining "interest" and "penalty" are two separate things. In support, the Commission cites other provisions in Title 68 which either refer to "interest and penalties" or which establish specific penalties or fines for noncompliance with the tax laws. The Estate draws our attention to three Oklahoma cases which concern a 1910 ad valorem statute which referred to interest as a penalty and authority from other states which regard interest as a penalty.

■ Statutes are to be construed by reading their provisions with the ordinary and common definitions of the words used unless the context dictates a special or technical definition is to be utilized. *State ex rel. Western State Hospital v. Stoner,* 614 P.2d 59, 63 (Okla.1980). To determine whether the phrase containing the word "penalty" as used in § 806(a) refers to "interest", an examination of that section is required. The terms "penalty" and "interest" are not defined words in Section 806, nor are they defined in any other part of the tax code beginning with Article 8: Estate Tax, 68

O.S.Supp.1989, § 801 et seq. Blacks Law Dictionary (6th Ed.,1990) generally defines the words "interest for the use of money" as "compensation allowed by law or fixed by the parties for the use or forbearance of borrowed money". A subcategory of the interest definition provides:

> "Penalty. Interest as a penalty is exaction for past-due obligations; it is compensation for delay in payment (e.g. interest impose by IRS on overdue taxes). *Wayne Tp. in Passaic County v. Ricmin, Inc.,* 124 N.J.Super. 509, 308 A.2d 27, 30 [ (1973) ]."

"Penalty" is defined by Blacks Law Dictionary in various ways, including the definition that a "penalty is a sum of money which the law exacts payment of by way of punishment for doing some act which is prohibited or for not doing some act which is required to be done".

Subsection (a) of § 806 establishes when estate taxes are due and provides the taxes shall bear interest when the same are delinquent. The proviso to the mandatory interest provision qualifies the "penalty" by limiting it to $1,500.00. The statute then provides, "No *interest or penalty* shall be collected on any tax levied by this article *except as provided in this section.*" (Emphasis added.) An examination of the entire section shows the only "interest or penalty" provided in the section, is in subsection (a). The section places no other burden on the taxpayer other than the interest set forth in subsection (a). Subsection (b) limits the interest in subsection (a) to one-half for delinquent taxes on portions of an estate tied up in litigation. Subsection (c) requires the Commission to issue its official receipt upon the payment of "taxes, interest and penalties".

■ The doctrine of the last antecedent, which the trial court determined would not apply in this case, provides that a limited or restrictive clause contained in the statute is generally construed to refer to and limit and restrict the immediately preceding clause or

vision from a draft of 68 O.S. § 1001(h). The Supreme Court of Oklahoma disregarded such

statements in interpreting the statute.

last antecedent. *Talley v. Harris,* 199 Okla. 47, 182 P.2d 765 (1947); *Board of Trustees of Firemen's Relief and Pension Fund v. Templeton,* 184 Okla. 281, 86 P.2d 1000 (1939). The rule is an aid to construction and will not be utilized where extension to a more remote antecedent is required. *Id.* In *Searcy v. State,* 64 Okla. 257, 167 P. 476, 477 (1917), the Oklahoma Supreme Court stated:

> The natural and proper office of a proviso is to restrain or qualify some preceding matter, and will ordinarily be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter.

▉ The proviso added by the 1989 amendment qualifies the matter immediately preceding it: interest. Commission has pointed to no other "penalty" established in this or any other section, to which the proviso could apply. An examination of the common definition of the terms "interest" and "penalty" indicates those terms have been used synonymously. To find as Commission argues, that the term "penalty" as used in subsection (a) does not mean interest, would render the language in the 1989 amendment to subsection (a), an absolute nullity. A construction which renders every part of a statute valid is preferred to one which would make a statutory provision nugatory. *Burris v. State ex rel. Department of Public Safety,* 785 P.2d 332 (Okla.App.1989). Furthermore, tax statutes should be strictly construed against the state and in favor of the taxpayer. *Wilson v. State ex rel. Oklahoma Tax Commission,* 594 P.2d 1210 (Okla.1979). Interest on delinquent estate taxes for the period from July 1, 1989 to May 31, 1990, is limited to $1,500.00.

The fact that a benefit "inures to the taxpayer unfairly is not a legal ground for striking it down". *Continental Federal Savings and Loan Association v. Oklahoma Tax Commission,* 601 P.2d 743 (Okla.App.1979). Corrective action, if necessary, is a matter for the Legislature, not the courts. *Id.* Although the Legislature removed the amendment to § 806(a) in the 1990 session, that does not require this Court to conclude the deletion in 1990 was because the 1989 Legislature "made a mistake". "A subsequent legislature has no authority to construe an existing statute enacted by a previous Legislature and make such construction binding upon the judiciary". *In the Matter of Protest of 1990–1991 Budget of Vo–Tech # 22,* 848 P.2d 30, 33 (Okla.App.1992), quoting *Board of Commissioners of Cherokee County v. Hatfield,* 121 Okla. 28, 247 P. 77 (1926). Both Houses of the 1989 Legislature passed H.B. 1327 and the Governor signed it. Other amendments to § 806 made in 1989 expressly amend provisions regarding the amount of interest on estate tax. The Commission has presented no evidence the Legislature did not also intend to amend the interest provision in subsection (a) of § 806.

That portion of Order No. 94–02–01–004, including the adopted-as-amended findings, conclusions and recommendations of the Administrative Law Judge, which determines the $1,500.00 penalty limitation of 68 O.S.Supp.1989, § 608(a) does not limit *interest,* is contrary to law and is therefore REVERSED. This cause is REMANDED to the Oklahoma Tax Commission for a determination of the amount of Estate's liability for interest (or right to a return thereof) on unpaid estate taxes in accordance with this opinion.

REVERSED AND REMANDED.

JONES and ADAMS, JJ., concur.