Dear President Taylor
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Does 21 O.S. 2001, § 1272.1, prohibit peace officers and all private investigators from carrying a firearm into establishments where low-point beer and alcoholic beverages are consumed, except in the scope and course of employment?
¶ 1 Title 21 O.S. 2001, § 1272.1[21-1272.1] provides:
 A. It shall be unlawful for any person to carry or possess any weapon designated in Section 1272 of this title in any establishment where low-point beer, as defined by Section 163.2 of Title 37 of the Oklahoma Statutes, or alcoholic beverages, as defined by Section 506 of Title 37 of the Oklahoma Statutes, are consumed. This provision shall not apply to a peace officer, as defined in Section 99 of this title, or to private investigators with a firearms authorization when acting in the scope and course of employment, and shall not apply to an owner or proprietor of the establishment having a pistol, rifle, or shotgun on the premises. Provided however, a person possessing a valid concealed handgun license pursuant to the provisions of the Oklahoma Self-Defense Act, Section 1290.1 et seq. of this title may carry the concealed handgun into any restaurant or other establishment licensed to dispense low-point beer or alcoholic beverages where the sale of low-point beer or alcoholic beverages does not constitute the primary purpose of the business.
 Provided further, nothing in this section shall be interpreted to authorize any peace officer in actual physical possession of a weapon to consume low-point beer or alcoholic beverages, except in the authorized line of duty as an undercover officer.
 Nothing in this section shall be interpreted to authorize any private investigator with a firearms authorization in actual physical possession of a weapon to consume low-point beer or alcoholic beverages in any establishment where low-point beer or alcoholic beverages are consumed.
 B. Any person violating the provisions of this section shall be punished as provided in Section 1272.2 of this title.
Id.
¶ 2 You ask whether the exemption given to peace officers and private investigators with a firearms authorization, from the general prohibition of carrying firearms into establishments where low-point beer and alcohol are consumed, is limited to situations in which the exempt persons are acting within the scope of their employment.
 Statutory Construction
¶ 3 The pertinent part of Section 1272.1(A) provides; "This provision shall not apply to a peace officer, as defined in Section 99 of this title, or to private investigators with a firearms authorization when acting in the scope and course of employment. . . ." It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, there is no room for construction. Jackson v.Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982);Mangrum v. Fensco, Inc., 989 P.2d 461, 464 (Okla. 1999).
¶ 4 By the plain terms of Section 1272.1(A), a private investigator with a firearms authorization is exempt from the statute's prohibition only "when acting in the scope and course of employment." That clause only applies, unambiguously, to private investigators with a firearms authorization, as "a limited or restrictive clause contained in the statute is generally construed to refer to and limit and restrict the immediately preceding clause or last antecedent." Estate TaxProtest of Leake Estate v. Okla. Tax Comm'n, 891 P.2d 1299,1302-03 (Okla.Ct.App. 1994); see also Bd. of Tr. of Firemen'sRelief Pension Fund v. Templeton, 86 P.2d 1000, 1003-04
(Okla. 1939). Therefore, to determine whether the exemption granted to "peace officers" is also limited to situations in which the person is acting in the scope and course of employment, it is necessary to consider the intent of the Legislature as pronounced by several statutes.
 Statutory History
¶ 5 To answer your question it is necessary to examine the history of this statute and others related to carrying weapons. As a starting point, we begin with the relevant statutes as they existed in 1971.
¶ 6 Title 21 O.S. 1971, § 1272[21-1272] provided in pertinent part:
 It shall be unlawful for any person to carry upon or about his person, or in his portfolio or purse, any pistol, revolver . . . or any other offensive weapon, except as in this article provided. Provided further, that this Section shall not prohibit the proper use of guns and knives for hunting, fishing or recreational purposes, nor shall this Section be construed to prohibit any use of weapons in a manner otherwise permitted by statute.
Id. (footnote omitted).
¶ 7 Title 21 O.S. 1971, § 1289.8[21-1289.8] provided:
 It shall be unlawful for any person, except a law enforcement officer, a registered security officer or a person employed by an armored car firm licensed by the Corporation Commission, to carry a concealed weapon other than permitted by this act.
Id. In 1973, the Attorney General was asked to consider whether a commissioned municipal police officer could lawfully carry a handgun while off duty under 21 O.S. 1971, § 1289.8[21-1289.8].
The Attorney General opined:
 The premise upon which law enforcement officers are excepted from statutory prohibitions concerning the carrying of weapons is common knowledge. They, in the discharge of their duties, are continually required to make arrests and suppress crime and, in the performance thereof, the law enforcement officer must be armed in such a way that he may effectuate the full discharge of his duty. This statutory purpose would not however extend to an officer not acting in such capacity. The policy of the governing body, expressed in the charter or ordinance and the particular terms and conditions of such officer's employment, would be determinative of the question of whether an officer is "off duty."
A.G. Opin. 73-249, 212.
¶ 8 The Attorney General concluded:
 [A] police officer . . . is exempt from statutes prohibiting the carrying of firearms when he is acting within the scope or course of his official duties or when acting in the line of or performance of duty. Further, it is the opinion of the Attorney General that a police officer . . . is exempt from statutes prohibiting the carrying of firearms when en route to or returning from the place of his performance, or when he is outside thereof exercising some official duty authorized by law.
Id. at 213.
¶ 9 Two years after this Opinion, the Legislature first addressed the issue of carrying firearms into establishments where beer or alcoholic beverages are consumed. Section 1272.1 was enacted in 1975. See 1975 Okla. Sess. Laws ch. 248, § 1. In its original form, Section 1272.1 stated:
 It shall be unlawful for any person, except an on-duty peace officer, as defined in Section 99 of Title 21 of the Oklahoma Statutes, or the owner or proprietor of the establishment being entered, to carry into or to possess in any establishment where beer or alcoholic beverages are consumed any of the weapons designated in Section 1272, Title 21 of the Oklahoma Statutes.
Id. (emphasis added.)
¶ 10 Under this original version, a peace officer could carry a weapon into an establishment where beer or alcoholic beverages are consumed only if he or she was on-duty. The following year, the Legislature altered the applicability of the law to peace officers. The 1976 version stated:
 It shall be unlawful for any person, except a peace officer, as defined in Section 99 of Title 21 of the Oklahoma Statutes, when in the county or counties of his employment or residence, or the owner or proprietor of the establishment being entered, to carry into or to possess in any establishment where beer or alcoholic beverages are consumed any of the weapons designated in Section 1272, Title 21 of the Oklahoma Statutes.
 Provided, however, nothing in this act shall be interpreted to authorize such peace officer in actual physical possession of a weapon to consume beer or alcoholic beverages, except in the authorized line of duty as an undercover officer.
21 O.S. Supp. 1976, § 1272.1[21-1272.1] (emphasis added).
¶ 11 It is a rule of statutory construction, "If the earlier version of a statute definitely expresses a clear and unambiguous intent or has been judicially interpreted, a legislative amendment is presumed to change the existing law." Samman v.Multiple Injury Trust Fund, 33 P.3d 302, 307 (Okla. 2001).
¶ 12 The 1975 version of Section 1272.1 expressed in clear and unambiguous terms that only an on-duty officer could carry a weapon into an establishment where beer or alcoholic beverages are consumed. However, the following year the Legislature removed "on-duty" from the statute and added "when in the county or counties of his employment or residence." See 1976 Okla. Sess. Laws ch. 179, § 1. In light of the rule of statutory construction, the effect of this change was to allow peace officers, whether on- or off-duty, to carry firearms into establishments where beer or alcoholic beverages are consumed, if the establishment is in the county or counties of the officer's employment or residence.
¶ 13 In 1983, the Legislature again addressed the issue of off-duty peace officers carrying weapons by enacting Section 1289.23 of Title 21. It provided:
 A full-time duly appointed peace officer who is certified by the Council on Law Enforcement Education and Training, pursuant to the provisions of Section 3311 of Title 70 of the Oklahoma Statutes, is hereby authorized to carry a weapon certified and approved by his employing agency during periods when he is not on active duty. Provided, however, that such authority shall exist only upon the consent and approval of the employing agency and within the jurisdiction of said agency. Should an officer be approved to carry a certified weapon outside the employing agency's jurisdiction, the officer shall be in conspicuous law enforcement uniform. Provided further, that nothing in this act shall be construed to alter or amend the provisions of Section 1272.1 of Title 21 of the Oklahoma Statutes.
21 O.S. Supp. 1983, § 1289.23[21-1289.23].
¶ 14 Section 1289.23 authorized an off-duty peace officer to carry a certified weapon with the approval of his or her employing agency within the agency's jurisdiction. If an officer was approved to carry outside the agency's jurisdiction, the officer was required to be in uniform. Id. The final sentence of Section 1289.23 stated specifically that it does not alter or amend Section 1272.1. The effect was to prohibit peace officers from carrying weapons into an establishment where beer or alcoholic beverages are consumed outside Section 1272.1's jurisdictional limits of a county or counties of residence and employment, if the officer was authorized under Section 1289.23 to carry a weapon outside that area.
¶ 15 Section 1289.23 was amended in 1989 to remove the jurisdictional limits on where an off-duty officer could carry a certified weapon. The Legislature also added requirements that the officer have identification on his or her person, including a peace officer's badge, commission card, and Council on Law Enforcement Education and Training ("CLEET") certification card, if the officer carried a weapon off-duty and not in uniform.See 1989 Okla. Sess. Laws ch. 256, § 1(B)(1). As a result of the 1989 amendment, an officer could carry a certified weapon while off-duty anywhere in the state. However, an officer was still prohibited by Section 1272.1 from carrying a weapon into an establishment where alcoholic beverages or beer is consumed, if the establishment was outside the county or counties of his or her residence or employment. Id.
¶ 16 In its current form, 21 O.S. 2001, § 1289.23[21-1289.23] provides, in pertinent part:[1]
 A. A full-time duly appointed peace officer who is certified by the Council on Law Enforcement Education and Training (CLEET), pursuant to the provisions of Section 3311 of Title 70 of the Oklahoma Statutes, is hereby authorized to carry a weapon certified and approved by the employing agency during periods when the officer is not on active duty as provided by the provisions of subsection B of this section.
 B. When an off-duty officer carries a certified weapon, the officer shall be wearing the law enforcement uniform prescribed by the employing agency or when not wearing the prescribed law enforcement uniform, the officer shall be required:
 1. To have the official peace officers badge, Commission Card and CLEET Certification Card on his or her person at all times when carrying a weapon certified and approved by the employing agency; and
 2. To keep the authorized weapon concealed from view at all times, except when the weapon is used within the guidelines established by the employing agency.
 C. Nothing in this section shall be construed to alter or amend the provisions of Section 1272.1 of this title or expand the duties, authority or jurisdiction of any peace officer.
Id.
¶ 17 In 1995, Section 1272.1 was amended to eliminate the 1976 amendment's requirement that the establishment be in the county or counties of the officer's employment or residence. The 1995 version stated:
 It shall be unlawful for any person to carry into or to possess in any establishment where beer or alcoholic beverages are consumed any of the weapons designated in Section 1272 of this title, except this provision shall not apply to a peace officer as defined in Section 99 of this title. Provided however, a person possessing a valid concealed handgun license pursuant to the provisions of the Oklahoma Self-Defense Act, Sections 1 through 25 of this act may carry the concealed handgun into any restaurant or other establishment licensed to dispense beer or alcoholic beverages where the sale of such beer or alcoholic beverages does not constitute the primary purpose of the business.
 Provided however, nothing in this section shall be interpreted to authorize such peace officer in actual physical possession of a weapon to consume beer or alcoholic beverages, except in the authorized line of duty as an undercover officer. Any person violating the provisions of this section shall be punished as provided in Section 1272.2 of this title.
21 O.S. Supp. 1995, § 1272.1[21-1272.1] (footnote omitted) (emphasis added).
¶ 18 The effect of this amendment was to allow peace officers to carry a weapon into any establishment throughout the State where beer or alcoholic beverages are consumed. If an officer was off-duty, he or she would also have to comply with requirements of Section 1289.23, i.e., carrying only a weapon certified by the employing agency and having the required identification or being in uniform.
¶ 19 In 1996, the Legislature amended Section 1272 to provide a specific exemption to the general prohibition against carrying weapons for a peace officer in the performance of official duties and in compliance with the rules of the employing agency. See
1996 Okla. Sess. Laws ch. 191, § 2. This version of Section 1272 has never been amended. Title 21 O.S. 2001, § 1272[21-1272] still provides:
 It shall be unlawful for any person to carry upon or about his or her person, or in a purse or other container belonging to the person, any pistol, revolver, shotgun or rifle whether loaded or unloaded or any dagger, bowie knife, dirk knife, switchblade knife, spring-type knife, sword cane, knife having a blade which opens automatically by hand pressure applied to a button, spring, or other device in the handle of the knife, blackjack, loaded cane, billy, hand chain, metal knuckles, or any other offensive weapon, whether such weapon be concealed or unconcealed, except this section shall not prohibit:
 1. The proper use of guns and knives for hunting, fishing, educational or recreational purposes;
 2. The carrying or use of weapons in a manner otherwise permitted by statute or authorized by the Oklahoma Self-Defense Act, Section 1290.1 et seq. of this title; or
 3. The carrying, possession and use of any weapon by a peace officer in the performance of official duties and in compliance with the rules of the employing agency. Any person convicted of violating the foregoing provision shall be guilty of a misdemeanor punishable as provided in Section 1276 of this title. Id.
 Conclusion
¶ 20 Section 1272 expressly permits a peace officer to carry a weapon while in the performance of official duties, but does not expressly exempt from criminal liability a peace officer who is off-duty and carries a weapon. However, Subsection 2 allows "[t]he carrying or use of weapons in a manner otherwise permitted by statute." Id. An off-duty officer is generally "otherwise permitted by statute" to carry a weapon, under Section 1289.23, into an establishment where beer or alcoholic beverages are consumed pursuant to Section 1272.1. Id. Therefore, an off-duty officer is exempted from Section 1272.
¶ 21 In 2001, the Legislature made its most recent change regarding who can carry firearms into establishments where beer or alcohol beverages are consumed. The 2001 amendment to Section 1272.1 added the phrase "or to private investigators with a firearms authorization when acting in the scope and course of employment." See 2001 Okla. Sess. Laws ch. 396, § 1(A). In summary, the current state of the law does not prohibit an off-duty peace officer from carrying a firearm into an establishment where low-point beer and alcohol are consumed. However, it is unlawful for any person to carry a weapon while under the influence of alcohol. 21 O.S. 2001, § 1289.9[21-1289.9]. When an officer carries a weapon off-duty he or she must comply with the provisions of Section 1289.23 of Title 21.
¶ 22 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Title 21 O.S. 2001, § 1272.1prohibits private investigators with a firearms authorization from carrying a firearm into establishments where low-point beer and alcoholic beverages are consumed, except in the scope or course of employment.
 2. An off-duty peace officer is exempt from the 21 O.S. 2001, § 1272.1prohibition against carrying a weapon into establishments where low-point beer and alcohol beverages are consumed. Nevertheless, a peace officer in actual physical possession of a weapon may not consume beer or alcoholic beverages, except in the authorized line of duty as an undercover officer. It is unlawful for any person to carry a weapon while under the influence of alcohol. 21 O.S. 2001, § 1289.9[21-1289.9].
 3. To lawfully carry a weapon when not on active duty, an officer must comply with the requirements of 21 O.S. 2001, § 1289.23(A), (G).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General
[1] The Legislature amended Section 1289.23 in 2004, but the amendments are not germane here. See 2004 Okla. Sess. Law Serv. ch. 538, § 1.