Dear Representative Claunch
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does the language in Section 5 of Senate Bill 1002 (passed as2000 Okla. Sess. Laws ch. 311, § 5) direct that military servicebe credited to retirees prospectively from the July 1, 2000,effective date of the law, or from the date retirees are approvedfor the service credit by their retirement system?
 Background
¶ 1 Your question involves persons who receive both military retirement benefits and public employment retirement benefits. Before the 2000 legislative session, Oklahoma law prohibited persons who receive military retirement benefits from receiving credit for their military service from three public retirement systems: the Uniform Retirement System for Justices and Judges, the Oklahoma Law Enforcement Retirement System, and the Oklahoma Public Employees Retirement System ("OPERS"). Senate Bill 1002 removed the prohibition on retirees' receiving military service credit from these retirement systems. See 2000 Okla. Sess. Laws ch. 311, Section 1 (amending 20 O.S. Supp. 1999, § 1102.2[20-1102.2](A)); Section 2 (amending 47 O.S. Supp. 1999, § 2-307.4[47-2-307.4](A)); Section 3 (amending 74 O.S. Supp. 1999, § 913[74-913](A)).[1]
¶ 2 You indicate that the OPERS amendment is the focus of your question. Before the 2000 amendment, the relevant provision of Title 74, Section 913(A) read as follows:
 3. Any member who served in the Armed Forces of the United States, as defined in paragraph (23) of Section 902 of this title, prior to membership in the Oklahoma Public Employees Retirement System shall be granted prior service credit, not to exceed five (5) years, for those periods of active military
 service during which he or she was a war veteran. Such prior military service credit shall not apply to any person receiving military retirement benefits other than service-connected disability benefits established by either the military service or the Veterans Administration[.]
74 O.S. Supp. 1999, § 913[74-913](A) (emphasis added).
¶ 3 The 2000 amendment struck the last sentence from subsection 3 (emphasized above). Before the amendment, OPERS members who were not receiving military retirement benefits were allowed credit for prior military service, while members receiving military retirement were denied that benefit. Senate Bill 1002 removed this distinction.
 The Language of Senate Bill 1002, Section 5
¶ 4 Section 5 of Senate Bill 1002, which was not codified, elaborated on the removal of the prohibition against receiving military service credit. That section reads as follows:
 The deletion of the prohibition on receiving military service credit for persons who are receiving military retirement benefits as amended in this act in Section 1102.2 of Title 20, Section 2-307.4 of Title 47, and Section 913 of Title 74 of the Oklahoma Statutes, shall apply only to members, joint annuitants and beneficiaries who apply or re-apply for the credit on or after July 1, 2000, and shall be creditable after approval by the respective system on a prospective basis only.
Id. (emphasis added).
¶ 5 Section 5 may be construed in one of two ways. First, Section 5 may be construed to mean that for a person who currently receives military retirement benefits, military service credit will not result in increased benefit payments until his or her application is received and approved by OPERS. Alternatively, Section 5 can be construed to mean that the increase in benefit payments is effective July 1, 2000 regardless of when a person applies and is approved for military service credit.
¶ 6 The two constructions differ on the meaning of the phrase "on a prospective basis only." Under either construction, increased benefits may not be credited or paid before July 1, 2000; however, under the first construction benefits areprospective from the time a person applies and is approved for the service credit. Under the second construction, a person must apply and be approved for additional service credit, but benefits are prospective from July 1, 2000 and payable beginning that date regardless of when a person applies and is approved.
¶ 7 Before engaging in statutory construction of Section 5, we note that sound public policy supports the first construction. If a retiree's increased benefits commence after OPERS approves the application for military service credit, the additional money needed to fund the increased benefits becomes a discrete liability for which OPERS can budget for the future. Under the second construction, however, a retiree may apply at any time in the future and still be granted increased benefits effective July 1, 2000, because the statute contains no deadline for applying for military service credit. This means a retiree could apply for credit years from now and yet be eligible for increased payments effective July 1, 2000. The potentially substantial sum due such a retiree would create a liability which OPERS could neither predict nor budget for.
 Construing Statutes
1. Harmonizing Different Sections
¶ 8 Under rules of statutory construction, statutes are to be construed as a coherent whole, harmonizing different sections without doing violence to any section.
 In construing statutes, harmony, not confusion, is to be sought and when parts of an act are reasonably susceptible of a construction which will give effect to both and to the words of each, without violence to either, such construction should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict.
Indep. Sch. Dist. No. 89 v. Okla. City Fed'n of Teachers Local2309, 612 P.2d 719, 722 (Okla. 1980) (citing Rogers v. Okla.Tax Comm'n, 263 P.2d 409, 412-13 (1953)).
¶ 9 Subsection 913(A)(3) is but one of many subsections under the general rubric of Subsection 913(A), which addresses how prior service is to be credited to OPERS retirees. Subsection 913(A)(1) governs prior service in general and reads in pertinent part as follows:
A. Prior service shall be credited as follows:
 1. . . . [E]ach retirant, upon making proper written application therefor, shall receive prior service credit . . . increased benefits attributable to such increased prior service credit shall commence with the next monthly benefit payment due following receipt and approval of such application by the Board of Trustees[.]
Id. (emphasis added).
¶ 10 The first construction of Section 5 harmonizes Subsection 913(A)(1) (providing that increased benefits begin the month following the retiree's application and approval for prior service credit) with Subsection 913(A)(3) (removing the prohibition on military service credit) and Section 5 of Senate Bill 1002 (directing that military service credit be creditable on a prospective basis only) without doing violence to any of the sections. The second construction, on the other hand, ignores Subsection 913(A)(1)'s provision directing when increased benefits based on prior service will commence and therefore "does violence" to that subsection. The rule in Independent SchoolDistrict therefore favors the first construction.
2. The "Last Antecedent" Rule
¶ 11 Next, the rule of statutory construction known as the "last antecedent" rule supports the first construction. The rule holds that "relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote" unless consideration of the entire act clearly requires otherwise. Bd. of Tr. of Firemen's Relief PensionFund v. Templeton, 86 P.2d 1000, 1003-04 (Okla. 1939).
¶ 12 Applying the last antecedent rule, Section 5's phrase "on a prospective basis only" modifies "after approval by the respective system," the immediately preceding clause. There is insufficient evidence from the language of the entire act (Senate Bill 1002) to indicate the Legislature intended to extend the phrase "on a prospective basis only" to the more remote antecedent "on or after July 1, 2000." 2000 Okla. Sess. Laws ch. 311. § 5. Therefore, using the last antecedent rule, payment of increased benefits would be prospective from the time OPERS approves a retiree's application, not from July 1, 2000.
 Conclusion
¶ 13 In conclusion, the language of Senate Bill 1002, Section 5 dictates that military service benefits are prospective from the time a retiree applies and is approved for the service credit by the retirement system, rather than from July 1, 2000.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The language in Section 5 of Senate Bill 1002 (passed as2000 Okla. Sess. Laws ch. 311, § 5) directs that military service becredited to retirees prospectively from the time they apply andare approved for the service credit by the retirement system, notfrom the July 1, 2000, effective date of the law.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] See 2001 Okla. Sess. Laws ch. 5, §§ 57, 58 (amending 74O.S. Supp. 2000, § 913[74-913]). This Act amended, merged, consolidated and repealed duplicate sections from the 2000 Session Laws.